## Case No. 6,565.

### HODGSON v. DEXTER.

[1 Cranch, C. C. 109.] [1]

Circuit Court, District of Columbia.   Dec. Term, 1802. [2]

INEVITABLE CASUALTY — PERSONAL LIABILITY OF PUBLIC AGENT CONTRACTING FOR GOVERNMENT.

1. A casualty happening against the will, and without the negligence or other default of the party, is, as to him, an inevitable casualty.

2. A public agent of the government, contracting for the use of government is not personally liable, although the contract be under his seal.
[See note at end of case.]

Covenant on a lease.  See a statement of the pleadings in this cause. 1 Cranch [5 U. S.] 345. The questions brought into view by the pleadings, were:   (1) Whether the defendant was individually bound.   (2) Whether the destruction of the building was an inevitable casualty, within the meaning of the covenant.

Mr. Woodward, and P. B. Key, for plaintiff, cited 2 Mallory, Ent. 118; 1 Rolle, Abr. 450; Dyer, 33; Shulbrick v.·Salmond, 3 Burrows, 1637; Monk v. Cooper, 2 Ld. Raym. 1477; Forward v. Pittard, 1 Term R. 27; Macbeath v. Haldimand, Id. 172; Unwin v. Wolseley, Id. 674; 1 Bac. Abr. tit. "Covenant," 535, 536.

Mr. Dexter, C. Lee and Mr. Mason, for defendant, cited 1 Rolle, Abr. 808; Dyer 66(b); Forward v. Pittard, 1 Term R. 27; Com. 631; Jones, Bailm. 90 (49), 93 (51), 97 (53), 135 (73), 142 (78), 146 (79, 80), 149 (81, 82), 32 (18); Act Cong. April 24, 1800, authorizing the president of the United States to remove the public offices of the government from Philadelphia to Washington (2 Stat. 55); 1 Bl. Comm. 503; Jones v. Le Tombe, 3 Dall. [3 U. S.] 384; Syme v. Butler, 1 Call, 105; Bingham v. Cabbot, 3 Dall. [3 U. S.] 32, 39; 1 Salk. 364; Com. Dig. tit. "Pleader," 62; 8 Coke, 120.

(THE COURT was of opinion for the defendant upon both points, and that opinion, so far as it respected the first point, was affirmed by the supreme court upon writ of error, at February term, 1803. 1 Cranch [5 U. S.] 345. But that court gave no opinion upon the question of inevitable casualty.)

CRANCH, Circuit Judge.  This question arises upon the demurrer to the first plea, which alleges that before the expiration of the lease the demised premises, "against the will, and without the negligence, or other default of the defendant, were burned and consumed

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Affirmed in 1 Cranch (5 U. S.) 345.]

by fire, happening from some cause to him then and yet wholly unknown;" "and that saving and excepting the damage occasioned by the said burning and consuming, he hath at all times kept in good and sufficient repair the said demised premises, and that he hath, at the end of the term, delivered up the same to the plaintiff, so well and sufficiently kept in repair, excepting," &c.  To this plea there is a general demurrer; and the question arising is, whether the facts stated in the plea bring the defendant's case within the exception of inevitable casualties.  It is admitted that a casualty may be inevitable without happening by the act of God, or by the public enemies of the country.  In the present case the expression seems to me to mean only such casualties as are inevitable by the defendant, and not such as might not be avoided by the united efforts of the whole society.  But it was contended, on the part of the plaintiff, that the plea obliges the plaintiff to prove more than ordinary negligence on the part of the defendant, and that such is the meaning of the expression in the plea, "negligence or other default."   I confess I do not so understand the plea, nor do I know where the plaintiff's counsel will find an authority for their definition of the term.   I consider negligence and default as synonymous words.  Negligence is the want of care and diligence, and the degree of one is in inverse proportion to the degree of the other.  The slightest degree of negligence is the omission of the greatest degree of care and diligence. Where there has been no negligence or default, there the greatest degree of care and diligence has been used.  When, therefore, the plea avers that the house was burned without the negligence or default of the defendant, it is tantamount to saying that it was burnt notwithstanding the greatest degree of care and diligence on his part.  The question then occurs, whether a casualty which happens notwithstanding the use of the greatest degree of care and diligence on the part of the defendant to prevent it, is not, as to him, an inevitable casualty.  It is unnecessary for us to inquire what degree of negligence is sufficient to charge the defendant, because the plea denies all negligence whatever.  If issue had been joined on the plea, it might have become a question what degree of negligence the plaintiff must prove in order to maintain the issue on his part.  The term negligence cannot be appropriated exclusively to the omission of any given degree of care and diligence.  Its degrees are infinitely variable, from the omission of the greatest possible care, to the very boundary of fraud.  I have no hesitation, therefore, in saying, that an accident which happens without the slightest degree of negligence or default of the defendant, is as to him, an inevitable casualty.

Thus far the argument is grounded on the words of the plea, which I consider as a more advantageous plea for the plaintiff than any

other which the defendant could have pleaded, because the issue might strictly have been maintained on the part of the plaintiff, by proving the slightest possible degree of negligence in the defendant. But if the defendant had pleaded, in the words of the lease, that the house was destroyed by an "inevitable casualty," then the authorities cited by the defendant would have applied with great weight. The case of Forward v. Pittard, 1 Term R. 27, is a very strong one, to show that an accident happening by fire, without the negligence of the carrier, is an inevitable casualty; and the frequent use of the expression when applied to fire, by Sir William Jones, derives great force from his acknowledged accuracy of language, and profound knowledge of the law. Some of the old cases go so far as to call fire the act of God. There are three modes of ascertaining the meaning of doubtful expressions in a contract: by common acceptation, by technical definition, and by a reference to the subject of the contract and the general usage in the like kind of contracts. By common acceptation, unavoidable accident means, a casualty which happens when all the means which common prudence suggests have been used to prevent it. The technical meaning has been explained by the authorities cited, in which the expression has been used by learned judges and by eminent lawyers. When we consider the subject of this contract, that it was the lease of a house for eight months only, we can hardly suppose that the lessee would take pains to insert a clause to guard himself from accidents whch might arise from the unusual casualties of earthquakes, tempests, lightning, or public enemies, and entirely overlook the common accident of fire, or that he meant to make himself or the United States insurer against fire. It is not usual for lessees, for short terms, to become the insurers of the premises against accidental fire, and I shall not presume a contract of that kind, unless it was in very express terms. For these reasons I think this demurrer must be overruled.

[NOTE. The plaintiff then sued out a writ of error, and the supreme court affirmed the judgment so far as the personal liability of defendant was concerned, in an opinion by Mr. Chief Justice Marshall. No opinion was, however, given on the question of inevitable casualty. 1 Cranch (5 U. S.) 345.]