# Patterson *v.* The State.

### *Indictment for Assault and Battery.*

1. *Judgment of acquittal, as evidence in another case.*—In a criminal prosecution against a police officer, for an assault and battery on a person whom he arrested, the judgment of the municipal court, acquitting the prosecutor, is not admissible as evidence.

2. *Authority of police officer in making arrest.*—A police officer, in arresting a person who is drunk and disorderly, or who is threatening a breach of the peace, may lawfully use so much force as seems to be necessary to effect the arrest with safety to himself, or to another person who is assisting him; and when prosecuted for an assault and battery on the person arrested, it is a question for the jury whether he used more force than was reasonably necessary under the circumstances.

FROM the Circuit Court of Barbour.
Tried before the Hon. JESSE M. CARMICHAEL.

WATTS & SON, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—Patterson was marshal of the village of Louisville in Barbour county, and, as such, was charged with the duty of preserving order and keeping the peace within the corporate limits. To this end, he was authorized to arrest offenders, in certain conditions, without warrant. He arrested and disarmed one Stephens, of a pistol he held in his hand, Stephens being at the time under the influence of intoxicating liquor, and threatening violence to one or more persons. According to all the testimony, the marshal was in the line of his duty in arresting Stephens, and in disarming him. While engaged in this service, he struck Stephens with his baton; and for this he was indicted and convicted of an assault and battery. On the trial before the mayor of the town, Stephens was acquitted of the offense for which Patterson had arrested him; and on Patterson's trial for the alleged assault and battery, the State was allowed to prove the said judgment of acquittal, rendered in Stephens' case, against Patterson, the marshal. To this defendant excepted.

[Thomas v. The State.]

Judgments of courts of competent jurisdiction are always legal evidence between the same parties and their privies, in all subsequent controversies in which the same subject-matter is in issue. To come within this rule, however, the question must have been in issue in the former suit, and must have been decided.—*Haas v. Taylor*, 80 Ala. 459 ; 2 Brick. Digest, 145, §§ 203 *et seq.; 3 Ib.* 580, §§ 75 *et seq.* This rule applies only to cases in which the parties are the same, or where the parties to the second suit are, in law, privy to those in the first. The most solemn judgment is not even evidence against a third person, stranger to the suit in which it is rendered.—2 Brick. Dig. 145, § 208 ; 3 *Ib.* 580, § 79 ; 12 Amer. & Eng. Encyc. of Law, 149*d.* The Circuit Court erred in allowing the judgment in the Stephens case to be given in evidence against Patterson.

The issue of merit in this case was, whether defendant, in arresting and disarming Stephens, was justified under the law in employing the force he did employ. If, in the performance of this public duty, it reasonably appeared to be necessary to inflict the blow to overcome Stephens, disarm him, and thus place it out of his power to injure or kill some other person ; then the law, which only voices reason, authorized the officer to employ such force as was necessary to accomplish the end, even if in doing so he struck the defendant. In other words, if to a reasonable mind it appeared necessary to use violence in order to accomplish the object with safety to the arresting officer, then the officer violated no law in using the baton. On the other hand, if to a reasonable mind it did not appear necessary to the officer's discharge of this public duty with safety to himself, or some other person who might be aiding him, that he should strike Stephens, then the blow he struck was unauthorized, and he was guilty of an assault and battery. Whether, under these rules, the officer was justified in striking Stephens, was a question for the jury.

The first charge asked by defendant is an argument, and was rightly refused for that reason, if for no other. The second and third charges ought, to have been given.

Reversed and remanded.