# Western Railway of Alabama v. Wallace.

## Crossing Accident.

(Decided Feb. 9, 1911.  54 South. 533.)

1. *Railroads; Crossing; Crossing Accident; Failure to Stop Train.*
—Where the action was by a street car employee for injuries received in a collision between his car and a train at grade crossing, and the evidence showed that the street car was stopped within twenty feet of the crossing, and that the crossing was clear when it started to cross, and that the train came in sight after the car started to cross, and while it was attempting to cross, the question as to whether plaintiff should have stopped the street car, or attempted to cross before the train reached the crossing, was, under the evidence in this case, a question for the jury.

2. *Same; Signals.*—The fact that a street car line is on a street does not change its character as a highway or rob one running the street car from the protection as a traveler thereon, and hence, section 5473, applies and it is negligent for the railroad company not to ring the bell or blow the whistle as required by the statute at a public crossing.

3. *Negligence; Contributory Negligence; Defense as to Wantonness.*—Contributory negligence is not a defense to wanton negligence or wilful injury.

4. *Damages; Evidence; Loss of Time.*—Where a person claims damages for loss of time on account of injury, the amount he is earning at the time he is injured is relevant in determining the damages to which he is entitled.

5. *Appeal and Error; Review; Decisions Reviewable; Motion.*—Section 2846, Code 1907, does not authorize this court to review the action of the trial court in declining to entertain a motion for new trial; the party applying has another and different remedy.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIM H. THOMAS.

Action by J. L. Wallace against the Western Railway of Alabama. From a judgment for plaintiff, defendant appeals. Affirmed.

The facts as made by the complaint under plaintiff's testimony are: That at the time of the injury plaintiff was the servant or employee of the Montgomery Trac-

[Western Railway of Alabama v. Wallace.]

tion Company, which crosses the defendant's track at grade. That the car on which plaintiff was running was brought to a full stop about 20 yards from the crossing, and, as the track seemed clear, the car proceeded on to the crossing, when it was struck by a freight car being operated on defendant's railroad, causing the injuries alleged. The first count is in simple negligence, as was the second. The third was in wanton or willful injury. The pleas were the general issue and contributory negligence in short by consent.

The following charge was given at the request of the plaintiff.: (3) "If the jury believe from the evidence that the servant or agent of defendant, while acting within the line and scope of his employment, wantonly ran or caused to be run the box car upon or against the street car upon which plaintiff was, with reckless indifference to consequences, being conscious at the time that his conduct would probably result in disaster, and thereby plaintiff was injured, then plaintiff is entitled to recover."

The following are the charges refused to the defendant: (1) General affirmative charge. (2) Affirmative charge as to first count. (3) Affirmative charge as to second count. (4, 5 and 6) Affirmative charges as to the third count. (12) "I charge you that under the law of this case it was the duty of the operators of the street car, on approaching the crossing, to stop the car within 100 feet of the crossing, and not to have proceeded until they knew the way to be clear, and if they failed to do this, and by such failure proximately contributed to the hurt of plaintiff, then he cannot recover in this case." (14) "I charge you that it was the duty of the plaintiff in this case, as the conductor of the street car which was struck at the crossing, to have

caused his car to have come to a stop within 100 feet of the crossing, and not only to do that, but not to attempt to cross until he knew the way to be clear, and if he failed to do so, and received his injuries as a proximate consequence, then he is not entitled to recover in this case." (16) "I charge you that it was the duty of both the operator of the railroad and also the operator of the street car, on approaching the crossing, to bring their cars to a stop within 100 feet of the crossing, and to see that the way was clear before attempting to cross; and although you may believe from the evidence that the defendant's servants or servant failed in this regard, yet if you find from the evidence that the plaintiff also failed in this regard, plaintiff cannot recover." (X) "I charge you, gentlemen of the jury, that if you believe the evidence in this case, the defendant owed the plaintiff no duty to ring a bell or blow the whistle before attempting to cross Court street."

Defendant objected to question to plaintiff as to how much he was earning at that time.

STEINER, CRUM & WEIL, for appellant. The court erred in giving appellee's special charge 1, and 3.—Sec. 5474, Code 1907; *H. A. & B. R. R. Co. v. Swope,* 115 Ala. 287; *Ga. Pac. Ry. Co. v. Lee,* 92 Ala. 262; *B. R. & E. Co. v. Bowers,* 110 Ala. 328 The court erred in refusing appellant's special charges 1, 2 and 3.—Sec. 5474, Code 1907. Also in refusing charges 4, 5 and 6. Special charge X should have been given.—Sec. 5473, Code 1907. Counsel discuss errors assigned as to evidence, but without further citation of authority.

HILL, HILL & WHITING, for appellee. Charge 1 given for appellee was correct.—2 Mayf. 566, 569; Sec. 6362, Code 1907, and citations; Sec. 5476, Code 1907. Charge 3 was properly given.—*L. & N. v. Brown,* 121 Ala. 226.

The court properly refused charges 1, 2 and 3 requested by appellant.—*A. G. S. v. Hanbury,* 49 So. 474; *So. Ry. Co. v. Jones,* 143 Ala. 333; *So. Ry. v. Bonner,* 141 Ala. 529; *Bir. Min. v. Jacobs,* 101 Ala. 158; *R. & D. v. Greenwood,* 99 Ala. 515. On these authorities charges 4, 5 and 6 were properly refused. Charge X was properly refused.—*Southern v. Williams,* 143 Ala. 212. This court will not pass on the refusal of the trial court to entertain the motion for a new trial in its present shape.—*Haygood v. Tate,* 125 Ala. 264; Sec. 2846, Code 1907.

ANDERSON, J.—The injury occurred at a railroad crossing, and the statutee (section 5474 of the Code of 1907) requires the trainmen to bring the train to a full stop within 100 feet of such crossing, and not proceed until they know the way to be clear, but this provision is not applicable when such crossings are regulated as therein provided. The proof shows that the crossing in question was not so regulated as to relieve the defendant's trainmen of the duty of stopping within 100 feet thereof, and the trial court did not err in giving charge 1, requested by the plaintiff.

Charge 3, given at the request of the plaintiff, merely postulated a recovery upon proof of the averments of the third count of the complaint, and which said count charges willful or wanton misconduct.—*L. & N. R. R. Co. v. Bowen,* 121 Ala. 226, 25 South. 609. There was proof in support of the complaint, and it was a question for the jury as to whether or not the plaintiff was guilty of proximate contributory negligence. The plaintiff's proof shows that the street car was stopped within 20 feet of the crossing, and that, when they proceeded to cross, the way was clear, and while they may have seen the box car, which came in sight after the

stop and while they were proceeding to cross, it was a question for the jury as to whether or not they should have stopped or attempted to clear the track before the box car reached them. The trial court did not err in refusing charges 1, 2, and 3 requested by the defendant.

There was no error in refusing charges 4, 5 and 6, requested by the defendant, as it was a question for the jury as to whether or not the defendant's servants were guilty of willful or wanton misconduct in dropping the car in the siding under the circumstances detailed, knowing that the place was a public crossing, and that people and street cars were liable to cross at any time.

Charges 12, 14, and 16, requested by defendant, seek to defeat a recovery upon the theory of contributory negligence, and ask a finding for the defendant, thus ignoring wanton count 3, and to which contributory negligence was no defense.

It is true the collision occurred at a railroad crossing as covered by section 5474 of the Code of 1907, and said section does not require the ringing of the bell or the blowing of the whistle, but it also occurred at a public road crossing covered by section 5473, and which does require ringing the bell and blowing the whistle. The street car track was on Court street, which said street crossed defendant's track, and, while it was a railroad crossing, it was a public road crossing also, and it matters not how the plaintiff was traveling the street, whether on foot, horseback, in a buggy, automobile, or street car, he was entitled to the protection of section 5473 of the Code. The fact that the street car line was on the street did not change its character as a highway, nor did the manner of going along it in a street car deprive the plaintiff of being a traveler along or upon the said street. This was but a modern but legitimate user

[Western Railway of Alabama v. Wallace.]

of the street as a public highway.—*Baker v. Selma St. R. Co.*, 130 Ala. 474, 30 South. 464; *Southern R. Co. v. Williams*, 143 Ala. 212, 38 South. 1013. There was no error in refusing charge X, requested by the defendant.

Whether the plaintiff was or was not an employee of the defendant, he claimed damages for lost time, and the amount he was earning at the time of the injury was a pertinent factor to be considered in determining his damages.

The only authority given this court to review the action of the trial court, as to new trials, is section 2846 of the Code of 1907, and which relates to the action of the court either in granting or refusing the motion, and not for declining to consider same. If the trial court improperly declined to pass upon the motion, which we do not decide, the movant had its remedy, but which is not properly presented or involved in this appeal.

The judgment of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and SOMERVILLE, J., concur in the opinion. SAYRE, J., concurs in the conclusion and in the opinion, except as to the action on the motion for a new trial. He prefers basing his conclusion as to this point upon the proposition that the trial court properly declined to consider same as it was not made until after the adjournment of court, and that the practice acts of the city court of Montgomery, when construed together, do not authorize a motion for a new trial after the expiration of the term of court.