(81 South. 838)

EMPIRE CLOTHING CO. v. HAMMONS.
(6 Div. 377.)

(Court of Appeals of Alabama. April 22, 1919.)

1. ASSAULT AND BATTERY ☞24(1)—PLEADING—SUFFICIENCY.

A complaint alleging that "plaintiff claims of the defendants as damages for an assault and battery committed on or about * * * on plaintiff by the said U., an agent or employé of the said defendant E., a corporation, and while the said U. was acting within the line and scope of his said employment," stated a cause of action for assault and battery.

2. APPEAL AND ERROR ☞237(2)—WAIVER OF OBJECTIONS—FAILURE TO MOVE TO STRIKE EVIDENCE.

Where no motion was made to rule out the answer, it will be presumed that a party objecting to a question was satisfied with the answer, and was not harmed by the action of the court in overruling his objection to the question.

3. MASTER AND SERVANT ☞332(2)—ASSAULT BY AGENT—QUESTION FOR JURY.

Whether assault and battery by defendant's collecting agent was committed while engaged

in defendant's business and while acting within the scope of his authority *held* for the jury.

**4. ASSAULT AND BATTERY ⊛13—DAMAGES—FAULT OF PLAINTIFF.**

One who was in fault in bringing on a difficulty may recover damages for assault and battery where the alleged assaulting party's retaliation was disproportionate to and excessive of the necessity or provocation received.

**5. ASSAULT AND BATTERY ⊛13 — SELF-DEFENSE.**

One who committed an assault on another, who used no more force than was reasonably necessary to repel the assault, was entitled, if injured, to damages for assault and battery, if the party at first assaulted was at fault in bringing on the assault.

**6. ASSAULT AND BATTERY ⊛39—EXEMPLARY DAMAGES.**

Where one unlawfully, wantonly, and intentionally assaults another with a pistol, with circumstances of aggravation, exemplary or punitive damages may be assessed in an action for damages by the assaulted party.

**7. TRIAL ⊛256(1)—ABSTRACT INSTRUCTIONS—DUTY OF PARTY.**

If charges given at the request of the plaintiff are abstract, it is the duty of the defendant, if not satisfied, to request an explanatory charge.

**8. ASSAULT AND BATTERY ⊛12 — DEFENSES—OFFENSIVE LANGUAGE.**

Though obscene or offensive language may mitigate the damages for which defendant is liable in a civil case for assault and battery, it cannot preclude a recovery for actual damages suffered by plaintiff as a direct result of the assault and battery.

**9. ASSAULT AND BATTERY ⊛37—DAMAGES—ABUSIVE LANGUAGE.**

An assaulted person is entitled to recover actual damages in the way of compensation for physical suffering and inconvenience and mental suffering caused by the assault and battery, although she used opprobrious words and abusive language, which can only be considered in mitigation of punitive damages.

**10. APPEAL AND ERROR ⊛110—MATTERS REVIEWABLE—MOTIONS FOR NEW TRIAL.**

Appellate court has authority to review action of the lower court in granting or refusing motions for new trial, but cannot review the action of court in striking out certain grounds, under Acts 1911, p. 198.

Appeal from Circuit Court, Jefferson County; C. W. Ferguson, Judge.

Action by Alice Hammons against the Empire Clothing Company and J. H. Upton for damages for an assault and battery. Judgment for plaintiff, and the defendant Empire Clothing Company appeals. Affirmed.

Before the case went to trial the complaint was amended by striking J. H. Upton as a party defendant. The complaint is as follows:

"Plaintiff claims of the defendants * * * as damages for an assault and battery committed on or about * * * on plaintiff by the said J. H. Upton, an agent or employé of the said defendant Empire Clothing Company, a corporation, and while the said J. H. Upton was acting within the line and scope of his said employment."

The following charges were given at the instance of the plaintiff:

(12) The court charges the jury that in civil action for damages for assault and battery, even if the jury believe from the evidence that the plaintiff was in fault in bringing on the difficulty, yet, if they believe from the evidence that the defendant's retaliation was disproportionate to, and excessive of, the necessity or provocation received, in such a case they must find for the plaintiff.

(18) The court charges the jury that, if you believe from the evidence that plaintiff first committed an assault on J. H. Upton at the time alleged in plaintiff's complaint, and that said J. H. Upton, while acting as agent of defendant, used no more force than was reasonably necessary to repel said assault, but that at said time and under said circumstances the said J. H. Upton was at fault in bringing on the said assault by the plaintiff, then the plaintiff is entitled to recover in this action.

(13) The court charges the jury that in civil action for damages for assault and battery, if the jury believe from all the evidence that the defendant unlawfully, wantonly, and intentionally assaulted the plaintiff with a pistol, they may, in addition to actual damages, assess exemplary or punitive damages, as a punishment to the defendant if the assault was attended with circumstances of aggravation.

(2) The court charges the jury that, though obscene or offensive language may mitigate the damages for which defendant is liable in a civil action in assault and battery, it cannot preclude a recovery for actual damages suffered by the plaintiff as a direct result of said assault and battery.

(3) The court charges the jury the opprobrious words and abusive language used by the plaintiff at and about the time of the alleged assault may be considered by you only in mitigation of punitive damages, and the plaintiff is entitled to recover actual damages in the way of compensation for her physical sufferings and inconvenience and mental suffering caused by such assault and battery, in case you find from the evidence that the assault and battery as alleged in the complaint was committed, whatever may have been the words used by the plaintiff.

Ritter & Wynn, of Birmingham, for appellant.

W. M. Woodwall, of Birmingham, for appellee.

BRICKEN, J. [1] The complaint sufficiently states a cause of action against the defendant corporation, and the demurrers thereto were properly overruled. Jebeles-Colias Conf. Co. v. Booze, 181 Ala. 456, 62 South. 12.

---

⊛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] Counsel for plaintiff, on cross-examination of defendant's witness Upton, asked him a certain question, to which defendant objected. The court overruled the objection, and permitted the witness to answer the question. To this ruling of the court the defendant excepted, and now assigns as error the ruling of the court thereon. No motion was made to rule out the answer. In such a case it is presumed that the defendant was satisfied with the answer, and hence the objection to the question need not be considered as no presumption of harm can be predicated upon a question, the answer to which is unobjectionable.

[3] Appellant, who was defendant in the court below, requested the court to give for it the written affirmative charge, and urges as a reason therefor that the evidence fails to show that Upton, the agent of defendant, committed an assault and battery upon plaintiff while engaged in and about the defendant's business, and while acting within the line and scope of his authority as such agent, and here assigns as error the ruling of the trial court in refusing to give such charge. The evidence, without conflict, shows that he was the duly authorized collecting agent of the defendant at the time complained of; that the plaintiff's husband owed defendant a debt, which such agent was at the time trying to collect; that in trying to collect this debt he went to the home of plaintiff and her husband, armed with a pistol; that plaintiff's husband had previously agreed with said agent to leave with plaintiff the money to pay such debt; that when he called at plaintiff's home and asked her for the money, or if he had left with her the money, and she replied that he had not, said agent became abusive to plaintiff, and a difficulty ensued between defendant's agent and plaintiff. There is nothing in the testimony to indicate that the assault and battery by defendant's agent upon plaintiff, if there was such an assault and battery, and this was a question for the jury, grew out of anything other than this attempt of defendant's agent to collect defendant's debt against plaintiff's husband. It was, at least, a question for the jury, and the court properly refused to give the affirmative charge. Jebeles-Colias Conf. Co. v. Booze, 181 Ala. 456, 62 South. 12.

[4-7] Charges 12, 18, and 13, given at the request of the plaintiff, each assert a correct proposition of law. Thomason v. Gray, 82 Ala. 291, 3 South. 38. If either charge was in any aspect abstract, it was subject to an explanatory charge at the request of defendant. Such was unnecessary in this case, as the court's oral charge fully covered any necessary point that needed explanation. The court did not err in giving these charges.

[8, 9] Written charges 2 and 3, given at the request of plaintiff, are correct statements of the law. Mitchell v. Gambill, 140 Ala. 316, 37 South. 290.

[10] The defendant made a motion for a new trial, and on motion of plaintiff three grounds of said motion were stricken out. The defendant excepted to the action of the court in striking out such grounds, and assigns as error the action of the court in so striking. As to motions for new trials, this court has authority to review only the action of the lower court in granting or refusing motions for new trials, and cannot review the action of the court in striking out certain grounds. Acts 1911, p. 198; Western Ry. of Ala. v. Wallace, 170 Ala. 584, 589, 54 South. 533.

No proof was made of any matter alleged in the motion and the evidence in the record fully sustains the verdict. The court did not err in refusing to grant a new trial.

We find no error in the record.

Affirmed.