(97 South. 162)

## NEWELL v. WEBB. (6 Div. 16.)

(Court of Appeals of Alabama. March 6, 1923. Rehearing Denied June 30, 1923.)

**1. Trespass ⬅️56—Exemplary damages recoverable.**

In trespass quare clausum fregit, attended with aggravated circumstances of wantonness or malice, exemplary damages may be awarded.

**2. Trespass ⬅️68(1) — Charge on exemplary damages held correct.**

In action for trespass, where there was evidence showing aggravated circumstances, an instruction that wherever there is a wrongful injury to property the law implies some damages, and although there had been no actual loss, the owner is entitled to recover some money, and if the offense is accompanied by circumstances of aggravation, punitive damages may be assessed, although the property itself has suffered no pecuniary damages, was correct.

**3. Trial ⬅️295(1)—Oral charge viewed as an entirety.**

The court's oral charge must be taken and viewed as an entirety.

**4. Trial ⬅️191(5)—Charge held not to assume that plaintiff was entitled to recover.**

In action for trespass, where there was an instruction if plaintiff failed to prove allegations of his complaint, to return a verdict for defendant, an additional instruction that the jury could assess actual damages and punitive damages, one or both, and then one laying down the rule as to wrongful taking of another's property, implying that the owner had sustained some damages, there was no assumption that plaintiff was entitled to recover.

### On Rehearing.

**5. Trial ⬅️85—Trial court not put in error on objections to questions collectively.**

To put the trial court in error for overruling objection interposed to questions collectively, it was necessary to show that each question called for illegal and incompetent testimony, and where it cannot be conceded that any question called for such testimony, the ruling was not error.

**6. Trial ⬅️90—Trial court not put in error for sustaining objection to question unless motion to exclude answer is made.**

To put the trial court in error for overruling an objection to a question, there must be a motion to exclude the answer made thereto.

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

Action for damages by G. B. Webb against A. T. Newell. From a judgment for plaintiff, defendant appeals. Affirmed.

M. L. Ward and Gibson & Davis, all of Birmingham, for appellant.

The excepted to portion of the court's oral charge constituted reversible error. Marbury Lbr. Co. v. Lamont, 169 Ala. 33, 53 South. 773. As to measure of damages the evidence should have been confined to the value of the lease for the unexpired term, together with actual inconvenience and expense sustained. Bromberg v. Eugenotto Const. Co., 162 Ala. 359, 50 South. 314; C., B. & Q. v. Gilvin, 238 Fed. 14, 151 C. C. A. 90, L. R. A. 1917C, 983; U. S. Co. v. Sisam, 191 Fed. 293, 112 C. C. A. 37, 37 L. R. A. (N. S.) 976.

Allen & McEwen, of Birmingham, for appellee.

A general assignment of error will not be extended beyond the specific argument in brief of counsel. Napier v. Jones, 47 Ala. 90. Rulings will not be reviewed, unless assigned as error. H. A. & B. R. R. v. Miller, 120 Ala. 535, 24 South. 955; Ripley v. Coolidge, Minor, 11; Lewis v. Lewis, Minor, 95; T. R. Transp. Co. v. Kavanaugh Bros., 101 Ala. 1, 13 South. 283.

BRICKEN, P. J. The complaint filed in this case consisted of five counts; the first

four of which were in trespass, and the fifth count being based upon the alleged breach of a verbal lease. The defendant pleaded the general issue. There was a verdict and judgment for the plaintiff for $800.

[1] There are four assignments of error. The third assignment is based upon that part of the oral charge of the court which is as follows:

"In this case you can assess actual damages and punitive damages, one or both. Our courts have laid down the rule that wherever there is a wrongful taking of the property of another, or wrongful injury done to it, the law implies that the owner has sustained some damages, and although there has been no actual loss, the owner is entitled to recover some money, and if the offense is accompanied by circumstances of aggravation, then punitive damages may be assessed by the jury, although the property itself has suffered no pecuniary damages."

It has been repeatedly decided by the Supreme Court that in cases of trespass quare clausum fregit, which are attended with the aggravating circumstances of wantonness or malice, the jury may give exemplary damages. That part of the court's oral charge excepted to by appellant announces this proposition of law. Mitchell v. Billingsley, 17 Ala. 391; Western Union v. Dickens, 148 Ala. 480, 41 South. 469; Climer et al. v. St. Clair Co. Tel. Co., 200 Ala. 656, 77 South. 30.

The evidence in this case was in decided conflict. The testimony on the part of the plaintiff tended to prove the allegations of his complaint, an act of trespass and a trespass attended with the aggravated circumstances of wantonness or malice; while at the same time the testimony on behalf of the defendant tended strongly to rebut all this. It was undoubtedly a question of fact for the jury.

[2, 3] The court's oral charge must be taken and reviewed as an entirety. The portion excepted to must be construed in connection with the entire charge, and when so construed the charge excepted to in this case is free from error.

[4] The court instructed the jury that the plaintiff should prove to their reasonable satisfaction the material allegations of his complaint, and that, if he failed to do this, it was their duty to return a verdict in favor of the defendant. After so charging the jury, the court used the language which is set out in this opinion and to which the defendant excepted. There was no assumption here that the plaintiff was entitled to recover, and any implication of that sort was expressly removed by the very language of the court's oral charge used almost immediately before.

The court's refusal to set aside the verdict was without error, as was likewise the court's action in disposing of the rulings upon the testimony made the basis of assignments 1 and 2.

The judgment of the lower court is affirmed.

Affirmed.

### On Rehearing.

BRICKEN, P. J. In his application for rehearing appellant complains that this court did not discuss in detail assignments of error 1 and 2, and insists that the application for rehearing should be granted and this cause reversed for the reason the lower court erred as pointed out in said assignments.

[5] The bill of exceptions, as well as assignment of error No. 1, shows that the following questions were propounded to one of the witnesses and the following answers given to each of said questions:

"Q. You stated that that breakage in the fence was caused by people coming across there, did you not? A. Yes, sir.
"Q. Who were those people coming across, Mr. Edwards? A. I could not tell you; I have no idea who it was.
"Q. Do you know what class of people it was with reference to the people in the neighborhood? A. People coming out to fish."

There was no objection made to these questions separately, but there was an objection interposed to them collectively. In order to put the trial court in error, it is necessary to show that each one of these questions called for illegal and incompetent testimony. We do not concede that any one of these questions called for illegal and incompetent testimony, though there is no doubt that the objection interposed by defendant to the first and second questions was clearly without merit. The action of the court in overruling the objection is free from reversible error.

[6] The second assignment of error is based upon the following question:

"Q. You say that you were compelled to sell them before the fall of the year. Now I ask you what, in your opinion, taking into consideration your general knowledge and experience as a dealer in cattle, what was the resulting loss to you by reason of having to sell those cattle in July, and those cattle was sold on account of the fact that the pasture was opened up and you had no place to keep them and could get no place to keep them? Just how many dollars, if you have an opinion, Mr. Webb?"

This question was objected to on the ground that it called for illegal and incompetent evidence, and that it was not shown that the witness had knowledge upon which to base an answer. The court overruled this objection, to which plaintiff excepted. The witness answered;

"A. A reasonable estimate would be not less than a thousand dollars on 50 head of cattle, took out of a nice pasture like that."

There was no motion made to exclude this answer. It is not necessary for us to pass

upon the legality of this question and say whether the trial court erred in permitting it to be answered. Appellant's exception to the action of the court in overruling his objection to this question avails him nothing, inasmuch as it was his duty in order to put the trial court in error to move to exclude the answer made to this question. As he failed to move to exclude the answer, the appellate court is justified in presuming that the answer was unobjectionable and that his failure to move to exclude the answer was a waiver of his objection to the question. Empire Clothing Co. v. Hammons, 17 Ala. App. 60, 81 South. 838.

Application overruled.