(97 South. 655)
### KIRBY v. DAVIS.   (7 Div. 419.)

(Supreme Court of Alabama.   Oct. 11, 1923.)

**1. Landlord and tenant ⊕⇒152(8)—Substitute for lessee bound by provision of lease for repairs.**

One to whom a lessee surrenders possession, and who by agreement with the lessor assumes the lease contract, is bound by the provisions of the original lease for repairs.

**2. Landlord and tenant ⊕⇒152(3)—Liability under tenant's covenants to repair and to return in good order and condition at end of term, standing alone, stated.**

While covenant in lease that lessee shall keep the premises in good repair, standing alone, would make him liable for a broken window, though the damage resulted from an unavoidable accident or the wrongful act of a stranger, not so as to a covenant to deliver up at end of term in good order and condition.

**3. Landlord and tenant ⊕⇒152(3) — Under qualified covenant of tenant to repair, tenant not liable for breaking of glass by stranger; "unavoidable casualties."**

The term "unavoidable casualties" in covenant of lessee to keep the premises in good repair, unavoidable casualties excepted, is not limited to an act of God, but includes an injury by an act of a stranger.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Unavoidable Casualty.]

**4. Appeal and error ⊕⇒171(3)—Objection that a defense should have been specially pleaded not available where evidence admitted, without objection under general issue.**

Objection that there should have been a special plea setting up a defense is not available on appeal, where evidence was admitted without objection on theory that the defense was properly presented under the plea of general issue.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Action, for breach of a rental contract by Mrs. A. C. Davis against A. C. Kirby. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6.   Reversed and remanded.

A. E. Hawkins, of Ft. Payne, for appellant.

The court erred in charging the jury in effect that the accident causing the damage

in question was not unavoidable. 39 Cyc. 666; Hodgson v. Dexter, Fed. Cas. No. 6565; Welles v. Castles, 3 Gray (Mass.) 323.

C. A. Wolfes, of Ft. Payne, for appellee.

The covenant to keep in good repair binds the tenant to make good any injury which human power can remedy. Meriwether v. Lowndes County, 89 Ala. 362, 7 South. 198. An unavoidable casualty signifies events which human prudence and foresight cannot prevent. 39 Cyc. 667; 27 Am. & Eng. Ency. 419.

GARDNER, J. Suit by appellee against the appellant to recover damages for breach of a covenant to repair contained in a lease contract. There was judgment for the plaintiff, from which the defendant has prosecuted this appeal.

[1] The plaintiff was the owner of certain business property in Ft. Payne, Ala., which she leased to one R. B. Thomas for a term of five years. The contract was in writing, and contained various stipulations as to certain repairs and improvements and credits therefor not necessary here to be enumerated. This contract was duly executed by the parties in February, 1917, and Thomas, the lessee, went into possession of the property and so remained until June, 1918, when he surrendered possession to the defendant in this suit, who occupied the premises under this lease and paid the rent therefor. This lease contract was assumed by this defendant pursuant to the written agreement signed by him and the plaintiff, possession enjoyed, and rents paid therefor. It is very clear that the defendant was bound by the terms and stipulations of the original lease. Chattanooga Brewing Co. v. Smith, 3 Ala. App. 551, 58 South. 63, and authorities there cited. This contract provided that the lessee was "to keep the premises in good repair * * * and to deliver up said premises at the end of the term of this lease in good order and condition, reasonable wear, accidental fire, and unavoidable casualties excepted." The front of this property was inclosed with plate glass windows, and evidence for the plaintiff tended to show that this glass was broken several months after the defendant had gone into possession of the property. The evidence for the defendant tended to show that this glass, or at least a large portion thereof, was broken as the result of an accident while some boys were playing baseball in the streets of Ft. Payne; that these boys had no connection with his business, and that he had no knowledge or notice of the accident until his attention was called thereto; and he insists that he is not liable for this repair for an accident over which he had no control and as to which he was in no way connected.

[2] It is well established under the authorities that the covenant to repair, standing

210 ALA.—13

alone, would fix liability upon the defendant in this case, though the damages resulted from an unavoidable accident or the wrongful act of a stranger. This principle was given recognition by this court in Meriwether v. Lowndes County, 89 Ala. 362, 7 South. 198, and fully sustained by the authorities. Williston on Contracts, vol. 3, § 1967. A different rule obtains as to the covenant to return the property in good order and condition at the expiration of the lease. Such a covenant is construed as not a covenant to repair or rebuild, but only the expression of the implied obligation or duty resting upon the tenant. The latter covenant, standing alone, would not have imposed liability upon the defendant upon his theory of the case. The author in Williston on Contracts, supra, doubts that this distinction between such covenants rests upon sound ground, but nevertheless the distinction is well recognized by the authorities generally, and by this court in Warren v. Wagner, 75 Ala. 188, 51 Am. Rep. 446.

[3] The question of importance presented upon this appeal is therefore whether or not the covenant to repair is so qualified by subsequent language as to relieve the defendant from liability under the circumstances here presented. The qualifying language, as above noted, is "reasonable wear, accidental fire, and unavoidable casualties excepted." If the defendant is to be excused it must rest upon the exception of "unavoidable casualties," and the result of this appeal in fact must turn upon the proper meaning of these words in this paragraph of the contract. The trial court charged the jury, in effect, that the breaking of this glass by one a stranger to the defendant was not an unavoidable casualty, but that an unavoidable casualty in law means an injury done by some other means than human instrumentality, and that the defendant was responsible for any injury, after he went into possession of the property under his lease, done by a stranger, with or without his knowledge. Exception was duly reserved to this portion of the oral charge, which presents the pivotal question upon this appeal. There are authorities which sustain the trial court in the construction of these words. See note 51, 39 Cyc. 667. There are authorities, however, to the contrary which we think present the better view, and more in keeping with sound reasoning and the intention of the parties to contracts of this character. In Hodgson v. Dexter, 12 Fed. Cas. 283, it was held that a casualty happening against the will and without the negligence or other default of the party is, as to him, an inevitable casualty, the court saying:

"By common acceptation, unavoidable accident means a casualty which happens when all the means which common prudence suggests have been used to prevent it."

In Phillips v. Sun Dyeing, etc., Co., 10 R. I. 458, 461, speaking of the words "unavoidable casualty," the court said:

"We think, however, that we are to interpret the words, not according to their strict and philosophical signification, which might defeat the intention of the parties, but rather in conformity with their popular every-day acceptation, and that in accordance with such an interpretation, there was in the rupture of the boilers a degree of unexpectedness, as of something unforeseen and not contemplated in the making of the contract, which makes it proper to regard it as an unavoidable casualty within the meaning of the proviso."

See, also, Central Line of Boats v. Lowe, 50 Ga. 509; 39 Cyc. 666, 667, and authorities cited in the note.

Construing the subject-matter of this contract in connection with the language used, we are persuaded that the authorities from which the foregoing quotations are taken have given the better construction to these words according to their popular everyday acceptation, and that such interpretation of the language is more nearly in keeping with the true intent of the parties than the very strict and narrow construction found in the authorities to the contrary. The trial court construed this language as relieving the defendant from liability only in the event the accident occurred as the result of an act of God. We have reached the conclusion that in this construction the trial court erred, and that the exception to that portion of the oral charge was well taken, for which the judgment must be reversed and the cause remanded.

[4] There is a suggestion in the brief of counsel for appellee indicating that a special plea setting up unavoidable casualty should have been interposed. This is a matter we need not determine, as it very clearly appears from this record that the evidence of the defendant was admitted without objection, and the cause was tried upon the theory that the defense set up in this cause was properly presented under the plea of the general issue.

For the error indicated, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.