(129 So. 20)

### GREAT ATLANTIC & PACIFIC TEA CO. v. TERRELL.

#### 6 Div. 562.

Supreme Court of Alabama.

May 29, 1930.

Rehearing Denied June 26, 1930.

J. L. Drennen, of Birmingham, for appellant.

Mullins, Jenkins & Pointer, of Birmingham, for appellee.

SAYRE, J.

Appellee went into appellant's store to buy groceries, fell upon the floor, and thereby suffered a broken arm. Appellee attributed her injury to the fact (according to her theory of the case) that the floor was wet or oily and thereby caused her to slip and fall. Appellant, denying negligence and further pleading contributory negligence in short by consent, in support of its last-mentioned plea offered evidence tending to show that appellee's injury was chargeable proximately, in material part at least, to the fact that she had on at the time high-heeled shoes, one of which turned, causing her to fall. Very clearly the issues were for jury decision. They were decided by the jury in defendant's favor; but the verdict was set aside, and from this last-mentioned ruling the defendant has appealed.

■■ The single question presented by the appeal grows out of the following charge:

"If plaintiff was, herself, guilty in the slightest degree of any negligence contributing to her fall and injury, she cannot recover in this case."

The court gave this charge on defendant's request, but afterwards, on plaintiff's motion, based upon that action, set aside the verdict.

There is no question but that the negligence on the part of plaintiff which would exonerate defendant of ·the consequence of negligence on its part must have contributed proximately to plaintiff's injury. Ruffin Coal & Transfer Co. v. Rich, 214 Ala. 633, 108 So. 596. The court, as we infer, on considering the motion, held the charge bad and its giving reversible error, for the reason that it omitted the word "proximate" in its hypothetical description of the negligence which would bar plaintiff's recovery. The court here is unable to say what influence upon the verdict rendered the charge in question may have had or that there might not have been a reasonable expectation that the result would have been different had the word "proximate" been used in its appropriate place. The court is therefore unable to say that the trial court committed reversible error in setting aside the verdict.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.