169 So. 231

**GISSENDANNER v. TEMPLES.**

**4 Div. 886.**

Supreme Court of Alabama.

June 25, 1936.

O. S. Lewis, of Dothan, for appellant.

Harry K. Martin, of Dothan, for appel-
lee.

GARDNER, Justice.

Action of trespass for assault and bat-
tery. There was verdict for defendant,
and on motion of plaintiff a new trial was
granted, from which ruling defendant pros-
ecutes this appeal.

■ The trial court entertained the view
error was committed in the refusal of
charges 3 and 4, requested by plaintiff, and

places his ruling thereon, though in this court other grounds of the motion may also be considered in justification of his action. Conner v. Central of Georgia R. R. Co., 221 Ala. 358, 128 So. 789. But there is here no occasion to consider grounds other than those designated by the trial court.

Defendant's evidence tends to show the use of insulting and abusive language by plaintiff at the time of the difficulty, and as indicated in his special plea A. These charges were copied from the case of Empire Clothing Co. v. Hammons, 17 Ala. App. 60, 81 So. 838, where the ruling was in turn rested upon the holding of this court in Mitchell v. Gambill, 140 Ala. 316, 37 So. 290, 291, a case here much in point. In this latter case it was said: "Since the recovery, in actions of this nature, may include punitive or vindictive damages, as well as actual damages, the language used by the plaintiff at the time of the transaction was competent in evidence, and it was permissible for the jury to consider it in mitigation of punitive damages, but not of any actual damages sustained by the plaintiff."

As to whether or not any plea of self-defense is interposed (the point upon which defendant seeks to differentiate this case from those authorities) can in no manner affect the question as the principle of law therein recognized is unrelated to that defense. It merely relates to a matter of mitigation of damages, and the plaintiff had the right to have the jury so instructed, to the end they may not be misled to think such language presented a defense or was to be so considered as to actual damages. Mitchell v. Gambill, supra. No reference thereto is found in the oral charge of the court or in any given charge.

The trial court was of the opinion the refusal of these charges worked prejudicially to plaintiff's case; and we are unable here to say the trial court committed reversible error in setting aside the verdict. Great Atlantic & Pacific Tea Co. v. Terrell, 221 Ala. 454, 129 So. 20.

Let the judgment stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.