187 So. 189

### EVANS v. WALKER.

7 Div. 555.

Supreme Court of Alabama.

Feb. 16, 1939.

Rehearing Denied March 16, 1939.

Rains & Rains, E. L. Roberts, and Wallace D. Walters, all of Gadsden, for appellant.

Inzer & Martin and George Murphy, all of Gadsden, for appellee.

ANDERSON, Chief Justice.

This is a civil action for an assault and battery and the only plea interposed by the defendant was the general issue and which does not ordinarily include justifica-

tion or self defense which should be specially pleaded. Morris v. McClellan, 169 Ala. 90, 53 So. 155; Hart et al. v. Jones, 14 Ala.App. 327, 70 So. 206.

It seems, however, that although there was no special plea of justification or self defense, these issues were fully gone into by the unchallenged evidence and covered by the charges, and, this being the case, this court will review the rulings relating thereto. Nashville, Chattanooga & St. Louis Railway Co. et al. v. Hammond et al., 104 Ala. 191, 15 So. 935; Kirby v. Davis, 210 Ala. 192, 97 So. 655.

The trial court committed no reversible error in ruling on the evidence. Whether the question to Dr. Cross as to the infliction of the injury with a "blackjack" was error or not, his answer was more favorable than harmful to the defendant.

Conceding that the defendant had the right to arrest and detain the plaintiff, a question probably for the jury, yet he had no right to use more force than was reasonably necessary to accomplish this purpose and the trial court properly submitted this question to the jury. Patterson v. State, 91 Ala. 58, 8 So. 756.

Defendant's refused charges B, C and E, whether good or not, were in substance and effect covered by the oral charge of the court.

Defendant's refused charge, X, was properly refused. If not otherwise faulty, it should have been confined to punitive damages. Gissendanner v. Temples, 232 Ala. 608, 169 So. 231.

The trial court did not err in overruling the motion for a new trial and the judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.