# Miller-Brent Lumber Co. *v.* Stewart.

### *Damages for Assault and Battery.*

(Decided Dec. 16, 1909.   Rehearing denied Feb. 26, 1910.
51 South. 943.)

1. *Evidence; Res Gestae.*—Where the action was for assault and battery alleged to have been committed on the plaintiff by a servant of the defendant occasioned by the plaintiff's attempt to prevent the servant of the defendant from entering on plaintiff's land, it was competent to show whether or not just before the assault the servant had told the plaintiff that the general manager of the defendant had instructed him to go through the gate onto plaintiff's land, if immediately preceding the effort to enter the gate, the statement was made, since it would be of the res gestae of the transaction

2. *Principal and Agent; Relation; Jury Question.*—The evidence in this case stated and examined and held to require a submission to the jury as to whether the person committing the assault was at the time acting as the agent of another.

3. *Same; Declaration of Agent; Proof of Agency.*—Where the existence of agency is an issue and the facts rest in parol and there are in evidence other facts and circumstances tending to show the agency the declarations of the agent become admissible.

4. *Appeal and Error; Harmless Error; Instructions.*—In an action for assault and battery alleged to have been committed on plaintiff by an agent of the defendant, a charge asserting that if defendant, the master gave such servant orders to go through plaintiff's gate, and if conforming to such orders, was calculated to produce a difficulty of which defendant knew, and if in carrying out such instructions the servant assaulted plaintiff, then the defendant would be liable, was not prejudicial to the defendant.

5. *Same; Evidence.*—Where there was no dispute between the general manager of the defendant and the servant, the admission of the same fact on questions to another witness than the servant was not prejudicial to the defendant.

6 *Assault and Battery; Acts Constituting.*—Although one is entitled to the unhindered enjoyment of a way across another's land,

[Miller-Brent Lumber Co. v. Stewart.]

such right would not authorize an assault and battery upon the other to enforce it.

7. *Master and Servant; Liability for Acts of Servants; Torts.*— If the instructions given a servant by the master imputed authority to go through a gate on to plaintiff's land, and the authority was abused by the servant, the master would be liable through the servant's act in assaulting the plaintiff at the gate in order to enter was not anticipated or expressly authorized by the master.

8. *Same; Injury to Third Persons; Exemplary Damages.*—If a servant acting within the scope of his employment undertakes to enforce with might, weapons and great bodily hurt, a civil right of the master to enter plaintiff's land the assault would be aggravated and the master would be liable for exemplary damages.

9. *Same; Evidence.*—It was admissible for the servant to testify as to the instructions given him by the general manager of the defendant.

10. *Same; Instructions.*—Where the action was for an assault by defendant's servant occasioned by plaintiff refusing to permit such servant to go through a gate on plaintiff's land, a charge asserting that although the servant was authorized to go through the gate, such authority did not carry with it the authority to assault plaintiff in the attempt to pass through, and if the servant assaulted plaintiff without defendant's authority, defendant would not be liable, and that before the jury could find for the plaintiff, the jury must find from the evidence that the servant had authority from defendant express or implied, to commit the assault, were properly refused as tending to mislead the jury to the conclusion that expressed or implied authority to commit the particular act complained of was essential to render the defendant liable.

11. *Same.*—A charge asserting that if the servant assaulted plaintiff as a result of anger aroused by plaintiff's conduct, plaintiff could not recover, was properly refused since its hypothesis may have been true, and yet there might have been a liability existing on the defendant, since the charge did not ascribe the cause of the assault to the state of feeling or temper of the servant independent of his relation to the service and to his master.

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by M. G. Stewart against the Miller-Brent Lumber Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The following charges were refused the defendant: (1) General affirmative charge. (4) "The court charges the jury that, although they may believe that one was authorized to go through the gate in question, yet such authority did not carry with it authority to assault the

plaintiff in attempting to go through; and, if Vaughan assaulted plaintiff without authority from the defendant, then the defendant is not liable for such assault." (5) "Before the jury can find for the plaintiff, you must believe from the evidence, that Vaughan had authority from defendant, express or implied, to commit the assault." (9) "The court charges the jury, if you should find for the plaintiff, your verdict should be only for actual damages." (10) "The court charges the jury that the plaintiff cannot recover vindictive damages in this case." (6) "If Vaughan assaulted the plaintiff as a result of anger aroused by the conduct of the plaintiff, then the defendant would not be liable."

The following excerpts from the oral charge of the court were objected to: (1) "If Mr. Mack Miller gave Vaughan orders to go through the gate of the plaintiff, and if conforming to these orders was calculated to produce a difficulty, and if Mr. Mark Miller knew this, and if in carrying out such instructions Vaughan assaulted the plaintiff, then the defendant would be liable in this action." (2) "On the same hypothesis, the jury, if they find for the plaintiff, would be authorized to award punitive damages in addition to the actual damages sustained."

W. O. MULKEY, and COLEMAN, DENT & WEIL, for appellant. The primary test to determine the master's liability for acts of the servant is whether or not the servant was acting within the scope of his employment. —*Coke Co. v. Denson,* 39 South. 727; *Hardeman v. Williams,* 43 South. 726. The act complained of was not done within the scope of employment or authority of the servant.—26 Cyc. 5132; 166 Mass. 75. An agent cannot bind his principal by admissions and declarations having reference to bygone transactions.—*Staunton v.*

*Baird L. Co.,* 132 Ala. 637, and authorities cited; 3 Enc. of Evi. 643. The court erred in its oral charge.— *Waaler v. Great Northern,* 70 L. R. A. 731; *Holler v. Ross,* 96 Am. St. Rep. 546. Punitive damages are not recoverable in this case.—13 Cyc. 112; *Patterson v. R. R. Co.,* 89 Ala. 318. See also 134 Ala. 332; 125 Ala. 483; 93 Ala. 9; Id. 45; 80 Ala. 601; 79 Ala. 328; 76 Ala. 181; 70 Ala. 268.

C. E. REID, and R. H. JONES, for appellee. The evidence discloses that the defendant was a trespasser.— *Zimmerman Mfg. Co. v. Daffin,* 149 Ala. 381. The master was liable for the acts of the servant.—*Postal T. Co. v. Brantley,* 107 Ala. 683; 14 A. & E. Enc. of Law, 817; *Case v. Hulsebush,* 122 Ala. 212; *Palos Coke Co. v. Benson,* 39 South. 729; *Southern Ry. v. Wildman,* 119 Ala. 565; *Magar v. Hannon,* 3 L. R. A. (N. S.) 1038. The evidence was within the res gestae.—*Staunton v. Baird L. Co.,* 132 Ala. 637; *Damar v. Stonewall,* 77 Ala. 14; *Rives' Case,* 30 Ala. 92. Counsel insist that on the authorities above set out the court did not err in the charges given and refused.

McCLELLAN, J.—Action for damages for an assault and battery alleged to have been committed on appellee by an agent or servant, one Vaughan, of the appellant.

The chief question raised below and argued for appellant here is whether there was any evidence tending to support the averment that in so assaulting the plaintiff Vaughan was acting within the line and scope of his employment. It was admitted that at the time of the occurrence Vaughan was in the defendant's employ. It was further shown by tendencies of the evidence that Vaughan, with several teams and teamsters,

was en route to haul logs for their master; that, in conceived right, they proposed to enter a gate maintained by plaintiff and cross his lands with the teams, and to haul logs thereover, and place them in a pond claimed to have been theretofore leased for logging purposes by defendant from plaintiff; that plaintiff had locked the gate in evident anticipation of the coming of defendant's servants; that one or all of the teamsters stopped at the locked gate, whereupon Vaughan directed one of them to break the gate; that plaintiff was present and remonstrated; that plaintiff denied the defendant's right to enter and cross his premises, and Vaughan, in reply, asserted that right as for defendant; that one of the men broke the gate, whereupon plaintiff planted himself in the opening, and struck the animals of the first wagon; that Vaughan took hold of plaintiff and threw him, or he fell, Vaughan beating him; that a little later, regaining his feet, plaintiff again got in the gate with a knife in his hand, whereupon Vaughan struck him with an axe handle, again felling him and inflicting thereby serious and painful injuries upon him.

The plaintiff, testifying as witness, was asked: "State whether or not Vaughan, just before this trouble, told you that Mr. Mark Miller told him (Vaughan) to go through the gate in question?" It was shown that Miller was the active general manager of the defendant. The question was not illegal on its face, because too remote in point of time from the altercation and its attendant circumstances, since, if immediately preceding the effort to enter the gate and on that occasion the statement was made, it was of the res gestæ of the event. The court might reasonably have placed that construction upon the question, and on that theory committed no error in admitting the declaration. Fur-

[Miller-Brent Lumber Co. v. Stewart.]

thermore, its legality or incompetency (it could not have been immaterial) may depend upon the agency of Vaughan on the occasion. That his agency vel non was open to the jury's inference we do not think there can be any serious doubt. The whole circumstances tend to show it. He was an employe of the defendant. He was accompanying the defendant's wagon train. Cravey, a teamster, invoked his protection in response to Vaughan's instruction to him to break the lock, and Vaughan himself examined the gate before it was broken. His every act was that of one in authority, and the teamsters, it is readily inferable, obeyed his, at least implied, order to enter when the gate had been forcibly opened. He asserted the defendant's right to enter evidently for the purpose indicated by the several wagons. In holding upon this state of fact the issue of agency vel non a jury question, we are within the principle of *Robinson v. Greene,* 148 Ala. 434, 43 South. 797, and cases therein cited. On such an issue, where the facts rests in parol, and there are in evidence other facts or circumstances tending to show agency, the declarations of the alleged agent are admissible.—*Robinson v. Greene, supra.* If Vaughan was found by the jury to possess the defendant's authority, the statement sought by the question was serviceable in determining the extent of his authority. If the statement was found to have been made by the agent, Vaughan, its immediate tendency was to show that Vaughan's authority included what he did do, viz., go through the gate with the teams of defendant. If the jury found this status of fact, it is obvious, in the light of many adjudications here, that the act of Vaughan in assaulting plaintiff was not anticipated or expressly authorized by the master, but, on the contrary, was an abuse by Vaughan of the authority committed to him, viz., to

go through the gate, as indicated, the master was responsible.—*Steele v. May,* 135 Ala. 483, 33 South. 30, and authorities therein cited. Accordingly there was no error prejudicial to appellant committed in the oral charge of the court assigned as error here.

Special charges 1, 4, and 5, requested by the defendant, were, at most, calculated to mislead or confuse the jury. They each tended strongly to impress the jury that express or implied authority to commit the particular act complained of was essential to render the master liable. Such is not the law. They may have other vices.

It was open to the jury to find that the assault and battery was aggravated, especially in view of the fact that the defendants' servant (if found to have been acting within the scope of his employment) undertook to enforce, with might and weapons and grave bodily hurt, a civil right, assuming that such defendant had. If so, exemplary damages might have been awarded. Charges touching the feature of the case were well refused.

Charge 6 was faulty. Its hypothesis may have been true; yet the master's liability existed. It does not ascribe the cause of the assault to Vaughan's state of feeling or temper independent of his relation to the then service and to his master. In other words, it does not hypothesize an act outside of the scope of his employment—committed on his personal, private account. It was proper to allow the examination of Vaughan in reference to the instructions given him by the general manager. It bore immediately upon the issues on the trial. There was no dispute in respect to that conversation. Hence we do not see how the admission of evidence of the same fact by another witness could have prejudiced the defendant.

[Miller-Brent Lumber Co. v. Stewart.]

The two excerpts from the oral charge of the court, to be set out in the report of the appeal, are clearly without error when referred to the evidence before the jury. The court did not undertake in these expressions to announce a general rule controlling the awarding vel non of exemplary damages. So that the apprehension of counsel that approval of the excerpts in this case will affect the cases hypothesized in brief, as they arise, is not well founded. The court had to deal with a case where there was evidence tending to show a controversy over a right to cross lands, one asserting the right and the land-owner disputing the right. The former, the evidence tended to establish, conceived that its right should be exercised, enjoyed, notwithstanding the landowners' resistance. The agent of the former, as the evidence tended to show, entered upon the forcible assertion and exercise of the conceived right to cross the land, even to the extent of grievously assaulting the landowner who placed himself in resistance at the threshold of the proposed entry. The purpose of the assault, it was inferable from the evidence, was to clear the way for the enjoyment of the disputed right. It was likewise possible of inference from some of the evidence that the agent of the appellant was, as the charge hypothesizes, instructed to proceed in accordance with the claimed right of passage over appellee's land, notwithstanding to do so was knowingly calculated to bring about a difficulty with the landowner in possession. Even if the appellant was, in fact, entitled to the unhindered enjoyment of the way across appellee's lands, that fact could not justify or palliate an assault and battery upon him in order to enjoy the right.—*Beecher v. Parmele,* 9 Vt. 352, 31 Am. Dec. 633; *Sampson v. Henry,* 11 Pick. (Mass.) 379; *Parsons v. Brown,* 15 Barb. (N. Y.) 590; *Wood v. Phillips,* 43 N.

[Miller-Brent Lumber Co. v. Stewart.]

Y. 152; *O'Donnell v. McIntyre*, 118 N. Y. 156, 23 N. E. 455. See note 14 L. R. A. 317, 318. Such is the rule in this state with respect to the recaption of personal property in the possession of another under claim of ownership.—*Hendrix v. State*, 50 Ala. 148. As said by Brickell, C. J., in the *Hendrix Case*, where the defendant's purpose was to reclaim his horse, "the law cannot countenance the substitution of physical violence in the place of these remedies"; i. e., "the peaceful remedies of the law." The rule rests upon a denial of the doctrine of might, and erects peaceful methods for the attainment of social justice regardless of the strength or weakness of the contenders.

Bereft of any excuse or justification for the assault and battery on account of being so entitled (if so) against the resisting owner in possession to enjoy the right claimed, it cannot be a matter of doubt that an assault and battery committed under the facts and circumstances hypothesized in the excerpts from the oral charge and supported by tendencies in the evidence, even though the assault and battery was committed in abuse of the authoriy reposed in Vaughan by the appellant, opened the right to the jury, in their discretion, to impose exemplary damages.—3 Cyc. p. 1108.

There is no prejudicial error in the record, and the judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and SAYRE, JJ., concur.