# Tiller *v.* The State.

## *Murder.*

(Decided February 10, 1914.   64 South. 653.)

1. *Criminal Law; Presence of Accused; Arraignment.*—To arraign is to call a person to the bar of the court to answer the indictment, and where the record shows that defendant "is arraigned and pleads not guilty, etc.," it affirmatively appears from the record that defendant was present in person when the order was made.

2. *Trial; Reception of Evidence; Objection.*—Although the question was objected to, a reversal will not follow where no objection was interposed to the answer, or exception reserved thereto.

3. *Evidence; Res Gestae.*—It was competent to prove that while the difficulty was going on, the defendant told some person present to knock hell out of deceased, as part of the res gestæ.

APPEAL from Henry Circuit Court.

Heard before Hon. M. SOLLIE.

Evaline Tiller was convicted of manslaughter and she appeals. Affirmed.

W. O. LONG, for appellant. The judgment entry fails to show the presence of defendant at the arraignment and order setting day for trial.—*Sylvester v. State,* 71 Ala. 17; *Burton v. State,* 115 Ala. 1; *Hurd v. State,* 116 Ala. 440; *Bowen v. State,* 119 Ala. 7. Counsel discuss other assignments of error, but without citation of authority.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The judgment entry sufficiently shows the personal presence of defendant at the arraignment and order setting date for trial.—1 Words & Phrases, 498. There was no error in the admission of evidence.

THOMAS, J.—Defendant was indicted for murder in the first degree and convicted of murder in the second degree. It is urged in the brief of appellant's counsel that, under the authority of *Sylvester v. State,* 71 Ala. 17, the judgment of conviction should be reversed, because of the failure of the record to affirmatively show that the defendant was personally present in court when the court entered the order setting the day for her trial and drawing the special venire therefor. We are of opinion that this order does show the personal presence of the defendant at that time, and that the contention of her counsel is therefore without merit. This order, among other things, recites: "Defendant [naming her] is arraigned and pleads not guilty. It is therefore ordered," etc. To "arraign," which is the term used in the order, as observed, is nothing else but to call the prisoner to the bar of the court to answer the matter charged upon him in the indictment. —See 1 Words & Phrases, p. 498, and the long list of cases there cited. The recitals of the record in this case, being different from the case cited, therefore affirmatively show that, at the time of the making of the order mentioned, the defendant was present in court and pleaded not guilty; for to say, as the record does, that she was "arraigned" imports that she was personally present, since she could not otherwise be "arraigned."

[Hubbard v. The State.]

The only other error urged in brief is as to the action of the court in overruling defendant's general objection to the following question, propounded by the solicitor to one of the state's witnesses: "What did Wayman Wiggins [a third party who was present at the difficulty] say in the presence of defendant and deceased and Joe while the difficulty was going on?" Assuming that the question was objectionable, the error in overruling the objection will not reverse the judgment of the lower court, because it does not appear that the answer was also objected and excepted to. This answer was not responsive to the question, and stated, not what said Wayman Wiggins said, but what defendant said to Wayman Wiggins during the progress of the difficulty, telling him to knock h——l out of deceased, which was a material fact, and permissible to be proved as a part of the res gestæ.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.