# Birmingham Railway, Light & Power Co. *v.* Crenshaw.

### *Malicious Prosecution.*

(Decided April 15, 1915. 68 South. 327.)

*Malicious Prosecution; Authority of Agent; Evidence.*—Under the evidence in this case, it was for the jury to determine whether the agent was acting within the scope of his authority, and whether or not there was actual malice on the part of the agent, and hence, the defendant was not entitled to a directed verdict against the infliction of punitive damages.

APPEAL from Birmingham City Court.

Heard before Hon. W. C. FERGUSON.

Action by J. W. Crenshaw against the Birmingham Railway, Light & Power Company, for damages for malicious prosecution and false imprisonment. Judgment for plaintiff and defendant appeals. Affirmed.

Transferred from the Court of Appeals under the act creating said court.

TILLMAN, BRADLEY & MORROW, and T. A. McFARLAND, for appellant.

G. M. EDMONDS, for appellee.

GARDNER, J.—Action by appellee against appellant for malicious prosecution and false imprisonment. Plaintiff, on June, 22, 1913, was caused to be arrested and imprisoned in the city of Birmingham, by one Garth, for the alleged offense of trespass, and was detained in the prison for about 18 hours. There was evidence tending to show that Garth was employed by defendant company as a guard, and that he had been for a short

time prior to above date in the discharge of his duties at the "car barn" of defendant that he acted; "officially," gave orders and directions to the men; and that at this time there was a strike on by some of the employees of the company, and on the occasion of a visit by some of the officials of the defendant company to these premises Garth was in their company and gave permission to plaintiff to enter the premises. The witness Gothard is positive of the fact that Garth "was a guard there for the company." When he accosted plaintiff and carried him to the police officer for arrest for trespass, he was then on the premises of defendant company. The insistence is here made that defendant was entitled to the affirmative charge because of failure of proof sufficient to show that Garth was an agent of the company, or, if so, what he did was within the scope of his authority. That Garth was the agent of defendant is established by positive evidence that he was there employed as a guard by the defendant. Indeed, this seems to be practically conceded in brief.

Mr. Wood, in his work on Railroads (volume 2, § 316,) says: "It is not the instruction of the master that determines the extent and limit of the servant's authority, but the nature of the employment, the character of the services required, the character of the act done, and the circumstances under and purpose for which it was done."

We will enter no full discussion of the question; but content ourselves with a statement of our conclusion and a citation of some of the authorities. We are persuaded, upon consideration of the evidence in this case, that there were tendencies of the evidence upon which the jury could base a reasonable inference that Garth was acting within the scope of his authority.—*Ala.*

[Birmingham Railway, Light & Power Co. v. Crenshaw.]

*Fuel Co. v. Rice*, 187 Ala. 458, 65 South. 402; *Miller-Brent Lbr. Co. v. Stewart*, 166 Ala. 657, 51 South. 943, 21 Ann. Cas. 1149; *Goodloe v. Memphis, etc., Ry. Co.*, 107 Ala. 233, 18 South. 166, 29 L. R. A. 729, 54 Am. St. Rep. 67; *Robinson v. Greene*, 148 Ala. 434, 43 South. 797; *Gassenheimer v. West Ry. Co.*, 185 Ala. 319, 57 South. 718, 40 L. R. A. (N. S.) 998; 26 Cyc. 1541, 1542; 2 Wood on Railroads, § 316.

The plaintiff was arrested and imprisoned without any warrant, and there is tendency of the evidence to show not only that the arrest was unlawful, but that there was an entire lack of probable cause for his arrest; while no fact was proved tending to show that he had been guilty of any trespass, as charged, or of other offense. Moreover, there was some tendency of evidence to show actual malice on the part of Garth. From this record it appears that the defendant was not due an affirmative charge against the infliction of any punitive damages, as was requested.—*Gambill v. Caryo*, 151 Ala. 421, 43 South. 866; *Miller-Brent Lbr. Co. v. Stewart, supra;* 3 Cyc. 1108; 6 Mayf. Dig. 247.

We have here treated all the questions argued by counsel for appellant, and, finding no error, the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.