(87 South. 406)

SANSOM v. COVINGTON COUNTY BANK.
(4 Div. 590.)

(Court of Appeals of Alabama.　June 8, 1920. Rehearing Denied June 29, 1920.)

1. CHATTEL MORTGAGES ☞117 — MORTGAGE ON CROPS COVERS ONLY CROPS OF THE YEAR IN WHICH GIVEN.

In detinue to recover peanuts grown in the year 1916, mortgages of the years of 1914 and 1915 conveyed no title to such crop under Code 1907, § 4894, providing that mortgage executed on or after January 1st conveys legal title to crops of that year, and hence could not avail plaintiff and were not admissible in evidence.

2. TRIAL ☞59(2) — PLAINTIFF'S DOCUMENTARY EVIDENCE SHOULD BE PRESENTED DURING HIS CASE, NOT WHILE DEFENDANT WAS PRESENTING HIS EVIDENCE.

In a detinue action if certain chattel mortgages had been admissible, plaintiff should have offered them when presenting his testimony in chief or some other proper time, and it was within the court's discretion to exclude them when offered during the time another claimant of the property was presenting its testimony.

3. APPEAL AND ERROR ☞970(3)—DISCRETION IN PERMITTING OR REFUSING EVIDENCE OFFERED OUT OF ORDER REVIEWABLE ONLY IN CASE OF ABUSE.

The exercise of the court's discretion, in permitting or refusing to allow evidence to be introduced out of the order prescribed by the rules, is not assignable as error, except in a clear case of abuse of such discretion.

4. CHATTEL MORTGAGES ☞229(3)—EVIDENCE TENDING TO SHOW PAYMENT OF MORTGAGE DEBT UNDER WHICH PLAINTIFF CLAIMED HELD ADMISSIBLE.

In detinue by party claiming under a mortgage, a question asked plaintiff as to the price received for certain hogs held relevant as tending to show satisfaction of plaintiff's mortgage, and hence admissible.

5. APPEAL AND ERROR ☞237(2)—MOTION TO STRIKE ANSWER NECESSARY, THOUGH QUESTION TO WITNESS WAS OBJECTED TO.

It is a general rule that, although a question was objected to, a reversal will not follow, where no objection was interposed to the answer and no motion made to exclude the same or exceptions reserved thereto.

6. APPEAL AND ERROR ☞529(1)—OVERRULING MOTION FOR NEW TRIAL HELD NOT DULY PRESENTED IN ABSENCE OF JUDGMENT FROM RECORD.

A ruling denying plaintiff's motion for new trial is not properly presented for review, where the judgment on the motion is not shown by the record.

7. NEW TRIAL ☞70 — MOTION OVERRULED WHERE EVIDENCE SUFFICIENT TO SUSTAIN VERDICT.

A motion for new trial on the ground "that the verdict was contrary to the evidence" was without merit and properly overruled, where the evidence tending to support it was sufficient and was properly submitted to the jury.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Detinue by Jesse Sansom against C. N. Speigner for certain personal property in which claim to the property was interposed by the Covington National Bank.　Upon trial of the issues there was verdict for the claimant, and the plaintiff appeals.　Affirmed.

Certiorari denied by Supreme Court, 87 South. 408.

The plaintiff relied upon a mortgage executed by C. N. Speigner on February 21, 1916. The testimony for the claimant tended to

show that prior to the execution of the mortgage, the Covington County Bank had rented from Speigner 20 acres of his land, and that the crops levied upon and seized were grown on this 20 acres of land, and were stacked on the land and were either the property of Kelly or of the bank. There was also evidence tending to show that the Sansom mortgage was paid by the delivery of property.

E. O. Baldwin, of Andalusia, for appellant.

Counsel discuss the assignments of error, but without citation of authority, and on rehearing insist, on the authority of Stokes v. Hinton, 197 Ala. 230, 72 South. 503, that the motion for rehearing and the rulings thereon were properly presented for review.

W. W. Sanders, of Elba, for appellee.

Counsel cite authority to show that error must affirmatively appear, that errors are harmless where they relate to matters that would not change the result, and that, where witness answers that "he did not know," any error in overruling any objection to the question is harmless. On the first proposition he cites 177 Ala. 78, 58 South. 291; 191 Ala. 553, 68 South. 30, Ann. Cas. 1916C, 1097; 2 Ala. App. 300, 56 South. 755; 3 Ala. App. 545, 57 South. 1013. On the second and third propositions he cites 177 Ala. 128, 59 South. 47; 175 Ala. 323, 57 South. 854. The ruling of the court on the motion for new trial was not properly presented for review. 148 Ala. 88, 41 South. 1006; 172 Ala. 98, 55 South. 118; 197 Ala. 230, 72 South. 503. It is within the discretion of the court to refuse to permit a party to present his testimony in an irregular way. 163 Ala. 385, 50 South. 1002.

BRICKEN, P. J. Appellant brought an action of detinue against C. N. Speigner, for the recovery of certain personal property which included, among other things, 200 bushels of peanuts that were stacked in the field of defendant. Appellee made claim to the peanuts as provided by statute, whereupon issue was made up between the appellant as plaintiff, and appellee as claimant, which was decided by the jury in favor of claimant, appellee, and from the judgment rendered thereon the plaintiff appeals. But two questions were in controversy: The first, Did defendant Speigner rent the lands on which the peanuts in question were grown, to appellee, claimant, prior to the making of the mortgage to plaintiff on February 21, 1916; the other being as to whether said mortgage had been satisfied, either by payments of money, or by the receipt of property contained in the mortgage.

Appellant makes three assignments of error; the first two relating to the rulings of the court upon the evidence, and the third is based upon the ruling of the court in refusing to grant the plaintiff's motion for a new trial.

[1, 2] There was no error in sustaining the objection to the introduction in evidence of the two mortgages from defendant to the First National Bank of Opp, bearing dates of January 16, 1914, and February 9, 1915, respectively, and transferred and assigned to plaintiff. In this action, in order to show a right of recovery, it was incumbent upon plaintiff to prove that he had the legal title to the property in controversy and the right of immediate possession thereof. The peanuts involved here were a part of the crops of the year of 1916, and these mortgages did not convey the legal title thereto, and therefore could be of no avail to plaintiff in an action of detinue for the recovery of personal property. Code 1907, § 4894. Furthermore, it was entirely within the discretion of the trial court to refuse to permit the introduction of the mortgages at the stage of the trial in which they were offered. The plaintiff had rested his case, and the mortgages were offered in evidence during the time claimant was engaged in the presentation of his evidence. Even if the mortgages had been admissible, they should have been offered when the plaintiff was presenting his testimony in chief, or in any event, if it was his desire to offer them at a later period of the trial, he should have done so after the claimant had finished with the introduction of his testimony. This is a well-settled principle of the rules of practice and procedure, and for this reason, also, the court was justified in sustaining the objection interposed to the introduction of the mortgages.

[3] Rules of practice looking to the orderly introduction of evidence by the respective parties are essential in order to prevent injurious surprises, and annoying delays in the trial of cases and the administration of justice. The trial has its regular stage of process, and the evidence should be introduced with reference thereto; and the general rule is that the plaintiff having the burden of proof must in the first instance produce all the evidence he has in support of his case, then the defendant must offer all his evidence in defense, plaintiff then replies, and should confine his evidence to a direct answer to defendant's case, and ordinarily the rebutting evidence offered by him upon whom the burden of proof rests concludes the introduction of evidence, but not always, for it is within the discretion of the court, for good reasons and in the furtherance of justice, to permit the other party to introduce evidence in response to that called forth by the rebuttal testimony, but the rule is that nothing further in chief can be offered, except by permission of the court. These may be stated as the general rules of practice, and are under the control of the court subject to be va-

ried in the exercise of a sound judicial discretion, and almost without exception it is held that it is discretionary with the court whether it shall admit or reject evidence which is not offered in accordance with the rules prescribing the stage of the trial at which it must be offered, and that the exercise of this discretion in permitting or refusing to allow evidence to be introduced out of the order prescribed by the rules is not assignable as error, except in a clear case of abuse of such discretion. The action of the court, as in the case at bar, in refusing to permit a party to introduce evidence in support of his case during the examination of his adversary or his adversary's witnesses, is not error, as it was a matter that rested entirely within the discretion of the court.

[4, 5] On cross-examination of witness Jesse Sansom, claimant asked witness: "How much did the hogs come to?" The court overruled plaintiff's objection to the question, and this ruling is made the basis for the second assignment of error. The objection interposed specified no grounds upon which it was based, and for this reason there was no error in overruling the general objection. However, the evidence sought to be adduced by the question was relevant, in that it had a tendency to show satisfaction of the mortgage debt due to plaintiff, which, if established, would result in a divestiture of his title, for, of course, if it could be shown that the debt due to plaintiff under this mortgage was paid, he would have no right of recovery. Furthermore, no motion was made to exclude the answer of the witness, and, even if there had been error in overruling the general objection interposed, the overruling of the objection to the question, without excluding the answer thereto, rendered any error harmless, as the failure to make motion to exclude the answer thus given is deemed a waiver of the objection. The general rule is that, although the question was objected to, a reversal will not follow where no objection was interposed to the answer, and no motion made to exclude same, or exceptions reserved thereto. Tiller v. State, 10 Ala. App. 45, 64 South. 653.

[6] It is insisted by appellee that the ruling of the court denying the plaintiff's motion for new trial is not properly presented for review, in that the judgment of the court on the motion for a new trial is not shown by the record, and that all that appears in this connection is by the bill of exceptions, which is merely a copy of the bench notes. It may be said that the general rule for presenting for review the action of the court in granting or refusing a motion for a new trial is, if the motion is overruled, no right is disturbed and no formal judgment on the motion is necessary; but the ruling of the court denying the motion must be shown by the bill of exceptions, together with the fact that an exception was reserved thereto. The original judgment, however, must appear as a part of the record proper. Stokes v. Hinton, 197 Ala. 230, 72 South. 503. However, where the motion is granted and the status of the original judgment is disturbed, a formal judgment is necessary on said motion, granting the new trial, which judgment must appear in the record proper. Ex parte Doak, 188 Ala. 406, 66 South. 64. Whether the motion is granted or denied, the exception taken to such ruling of the court must be presented for review by the bill of exceptions, and the motion for a new trial must be presented by the bill of exceptions.

[7] It thus appears that the insistence of the appellee is well taken, and, because of a noncompliance with the rule, the ruling of the court on the motion for new trial is not properly presented for review. Pretermitting this, however, we have examined the motion for a new trial and are of the opinion that the court ruled correctly in denying same. The first three grounds of the motion, "that the verdict was contrary to the evidence," are without merit, as there was sufficient evidence tending to support and prove the contention of the claimant. This evidence was properly submitted to the jury for their consideration, and, the jury having returned a verdict upon that evidence, the trial court was therefore justified in refusing to grant the motion on those grounds.

The fourth and last ground of the motion, to wit, "The court was in error in allowing, over the objection of the plaintiff, the claimant to introduce in evidence the value of the hogs levied on under the writ of detinue in this cause," has already been discussed and treated hereinabove, and, as before stated, we are of the opinion, for the several reasons enumerated, that there was no error in the ruling of the court in this connection.

The judgment is affirmed.

Affirmed.