(104 So. 686)

### VINCENT v. STATE. (7 Div. 46.)

(Court of Appeals of Alabama. May 19, 1925. Rehearing Denied June 9, 1925.)

1. **Criminal law** ⟜1110(8)—**Record held sufficient to show jurisdiction of circuit court from which appeal was taken.**

Record, as established by return to certiorari issued by Court of Appeals, *held* sufficient to show circuit court, from which appeal was taken, had jurisdiction by appeal from county court.

2. **Criminal law** ⟜368(1)—**Things said and done at time of finding of whisky at defendant's house held part of res gestæ and admissible.**

In prosecution for possession of whisky found at defendant's house on a certain night when a number of persons were present, everything said and done at time and place of finding of whisky was of res gestæ and admissible.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Mattie Vincent was convicted of possessing prohibited liquors, and she appeals. Affirmed.

The record as originally filed contained an affidavit and warrant charging defendant with the offense, and returnable to the county court of Etowah county, without other matter to show disposition of the case in the county court, and the manner by which the case reached the circuit court. The return to certiorari shows a certified transcript from the docket of the county court, evidencing a trial and judgment of conviction; and an appeal bond to the circuit court, reciting conviction and appeal.

J. D. Giles and W. J. Boykin, both of Gadsden, for appellant.

The record fails to show jurisdiction in the circuit court. McLosky v. State, 210 Ala. 458, 98 So. 708.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] The contention made in appellant's brief that the record fails to show jurisdiction in the circuit court is met by the return to the certiorari issued by this court on motion of the Attorney General. The record now is complete, showing jurisdiction on appeal from a conviction in the county court.

[2] The whisky was found at defendant's house on a certain Saturday night, at a time when a number of persons were present. Everything said and done at the time and place of the finding of the whisky was of the res gestæ and admissible in evidence.

We find no error in the record, and the judgment is affirmed.

Affirmed.