BROWN v. STATE.   (6 Div. 794.)

(Court of Appeals of Alabama.   Jan. 12, 1926.)

1. Criminal law ⬤➡730(4)—Error of solicitor in stating to jury that former jury had tried defendant and given her 20 years held not reversible.

On second trial, error of solicitor in presenting the charge to jury, in stating that a former jury had tried defendant and given her 20 years, held not to require a reversal, where court instructed jury explicitly not to consider statement, and apparently jury, in view of verdict, did not consider it.

2. Criminal law ⬤➡476—Physician could testify that deceased died as result of wounds inflicted by defendant.

Witness, who qualified as a physician and surgeon, and testified that he treated deceased for wounds inflicted by defendant, could testify that deceased died as result of such wounds.

3. Criminal law ⬤➡364(1)—Statement of defendant to husband while difficulty was in progress held admissible as res gestæ.

In murder prosecution, what defendant said to her husband while difficulty was in progress between defendant and deceased held admissible as res gestæ.

4. Homicide ⬤➡192.

In murder prosecution, proof that deceased was going in same direction she was already going when defendant stopped her held relevant as bearing on question as to who provoked difficulty.

5. Criminal law ⬤➡366(2) — Proof that deceased, when stopped by defendant, did not strike defendant held admissible as res gestæ.

In murder prosecution, proof that deceased, when stopped by defendant, did not strike defendant held admissible as part of res gestæ.

6. Criminal law ⬤➡1153(4)—Witnesses ⬤➡240(2)—Court, in its sound discretion, may permit leading questions, and reversal not had, unless discretion abused.

Trial court has sound discretion to permit asking of leading questions, and its rulings are not grounds for reversal, unless such discretion is abused.

7. Criminal law ⬤➡366(1), 368(1)—Proof of everything said and done by deceased and her husband during fight with defendant held admissible as res gestæ.

In murder prosecution, where a general fight occurred between defendant and deceased, in which husband of deceased took part, proof of everything said and done by deceased and her husband during progress of fight was admissible as part of res gestæ.

8. Criminal law ⬤➡829(1).

Refusal of requested charge fully covered by court's oral charge is not error.

9. Criminal law ⬤➡807(1).

Refusal of argumentative charge is not error.

10. Criminal law ⬤➡755.

Refusal of charge invading province of jury is not error.

11. Homicide ⬤➡341.

Refusal of requested charges relating to charge of murder of which defendant was acquitted held not reversible.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Bettie Brown, alias Gant, was convicted of manslaughter in the first degree, and she appeals. Affirmed.

Benton & Bentley, of Bessemer, for appellant.

Defendant's motion for a mistrial on account of the remarks of the solicitor should have been granted. Anderson v. State, 209 Ala. 36, 95 So. 171; Vaughn v. State, 18 Ala. App. 511, 93 So. 256; Elliott v. State, 19 Ala. App. 263, 97 So. 115. Charges on the doctrine of retreat and reasonable doubt should have been given. Richardson v. State, 204 Ala. 124, 85 So. 791; Brewington v. State, 19 Ala. App. 409, 97 So. 763; State v. Linden, 154 La. 65, 97 So. 299; Whittle v. State, 205 Ala. 638, 89 So. 48.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

_____

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Witness Canterbury, having qualified as an expert, was properly permitted to testify as to what caused the death of deceased. Jackson v. State, 18 Ala. App. 627, 93 So. 258. Requested charges, already covered by given charges or the oral charge of the court, are properly refused.

SAMFORD, J. [1] This is the second appeal in this. See Brown's Case, 20 Ala. App. 39, 100 So. 616. The deputy solicitor, in presenting the charge to the jury, stated that—

"A former jury had tried this defendant and given her 20 years."

This statement was improper, and, when objected to by defendant, was so held by the court, who instructed the jury explicitly not to consider the statement, and then overruled defendant's motion for a mistrial. Remarks of this character should not be made by attorneys, and in each case presiding judges should take prompt and positive methods in condemning the practice. Even when, as in this case, the judge so instructs the jury, it always presents a question as to how far a jury has been affected by the statement. In this case, however, after reading the entire record, and noting the verdict of the jury, we are convinced that the jury in the instant case did not consider the excluded remark of the solicitor. We therefore hold that the trial court did not commit error in overruling defendant's motion for a mistrial.

[2] The witness Canterbury was qualified as a physician and surgeon, and as such, after testifying that he treated deceased for the wounds inflicted by defendant, could testify that deceased came to her death as a result of such wounds.

[3] What the defendant said to her husband while the fatal difficulty was in progress between defendant and deceased was a part of the res gestæ, and as such was admissible.

[4] It was relevant to prove that the deceased was going in the same direction she was already going at the time defendant stopped her. This had a bearing on the question as to who provoked the difficulty.

[5] It was also relevant to show that, when deceased was stopped by defendant, deceased did not strike defendant. Everything that took place then and there relating to the difficulty was a part of the res gestæ.

[6] It is within the sound discretion of the court to permit the asking of leading questions, and such rulings will never be made the grounds for reversal, unless such discretion is abused.

[7] There seems to have been a general fight between defendant and deceased, in which the husband of deceased took part either as a party or in an attempt to part the two women. That being the case, everything said and done by either of them during the progress of the fight was a part of the res gestæ, and admissible. There are numerous other objections to testimony and exceptions reserved, but none of these have merit. The rulings on each were without such error as would justify a reversal of this judgment.

[8] Refused charge 15 is fully covered in the court's oral charge.

[9] Refused charge 16 is an argument pure and simple, and has no place in the charge of the court. The court in his oral charge very fully covered the law of "reasonable doubt."

Refused charge 17 was fully covered in the court's oral charge, as was refused charge 19.

[10] Refused charge 32 is invasive of the province of the jury, and charges 33 and 34 are covered by given written charges.

[11] Refused charges 42, 44, 45, and 46 relate to the charge of murder of which the defendant was acquitted.

The general charge of the court was full, and covered every degree of murder or manslaughter embraced in the indictment and the law as to every defense to which defendant was entitled under the evidence. In addition to this, the court gave 58 written charges requested by defendant covering every phase of the case. The defendant has had a fair trial, and, no error appearing on the record, the judgment is affirmed.

Affirmed.