(119 So. 243)
**NICKERSON v. STATE.  (5 Div. 715.)**

Court of Appeals of Alabama.  Dec. 18, 1928.

Jas. W. Strother, of Dadeville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.
Brief did not reach the Reporter.

SAMFORD, J. The defendant and Briggs Nickerson were jointly indicted on a charge of having feloniously taken and carried away two bales of cotton of the value of $350. The evidence without conflict tends to prove that Briggs was the principal, and, if guilty at all, this defendant was an accomplice.

The material ingredients of the offense of larceny included the felonious taking which involves the intent to steal. That being the case, if this defendant aided in the taking of the cotton under the honest belief that the cotton belonged to Briggs, or that the cotton belonged to Briggs' mother and that he (Briggs) was acting as agent for her in hauling the cotton off, then this defendant would not be guilty. Declarations made by Briggs to this defendant, at the time of the taking, as to who owned the cotton, and his agency concerning it, were a part of the res gestæ and admissible as tending to show the intent of this defendant at the time he assisted in hauling the cotton. The rulings of the trial court in excluding this testimony on behalf of defendant were erroneous and prejudicial. Erskine v. State, 21 Ala. App. 307, 107 So. 720; Terry v. State, 21 Ala. App. 100, 105 So. 386; Vincent v. State, 20 Ala. App. 637, 104 So. 686.

For the errors committed by the court in excluding testimony above referred to, the judgment is reversed, and the cause is remanded.

Reversed and remanded.