196 So. 154

## POWELL v. BINGHAM.

### 6 Div. 627.

Court of Appeals of Alabama.

Feb. 27, 1940.

Rehearing Denied March 19, 1940.

F. F. Windham, of Tuscaloosa, for appellant.

R. C. Price, of Tuscaloosa, for appellee.

BRICKEN, Presiding Judge.

Plaintiff (appellee) brought suit in the circuit court, claiming $3,000 as damages against Mrs. Lucille Powell, Mrs. Maggie Powell and Horace Powell, for that, as alleged in count 1 of the complaint, said named defendants did willfully and intentionally assault and beat plaintiff on the 8th day of March 1938, in the City of Tuscaloosa, Alabama, and that as the proximate result of said assault and battery, said plaintiff suffered and sustained the injuries to person and property, described in said count of the complaint.

In count 2 of the complaint it is alleged that Mrs. Lucille Powell and Mrs. Maggie Powell, were the agents, servants, or employees of Horace Powell, and that acting under instructions of said Horace Powell, said Mrs. Lucille Powell and Mrs. Maggie Powell did willfully and intentionally assault and beat the plaintiff and that as the proximate result of said assault and battery said plaintiff suffered and sustained the injuries to person and property specifically described in said count of the complaint.

There were other counts in the complaint, but the above-mentioned counts 1 and 2, fairly set forth the various aspects of plaintiff's case, and therefore it is unnecessary to further refer to the other counts.

Defendants filed demurrers to plaintiff's complaint, which being overruled by the trial court, defendants filed their plea of the general issue, in short by consent, with leave to give in evidence any matter which might be specially pleaded.

Issue was joined upon plaintiff's complaint and defendants' plea thereto. The jury returned a verdict in favor of the plaintiff and against Mrs. Maggie Powell and Mrs. Lucille Powell, assessing plaintiff's damages at $500. The jury returned a verdict in favor of Horace Powell, the third defendant. The judgment of the trial court was accordingly pronounced and en-

tered in favor of plaintiff and against Mrs. Lucille Powell and Mrs. Maggie Powell, for said sum of $500 damages, together with the costs of suit.

Motion filed for a new trial by said two defendants was overruled and denied by the trial court.

Mrs. Maggie Powell has taken an appeal to this court from said judgment, and presents for the consideration of this court certain alleged errors, which she claims were committed by the trial court, to her injury, upon the trial of this case, and wherein she also presents for review the judgment of the lower court upon the motion for a new trial.

It appears, without dispute, that plaintiff was assaulted and beaten, by at least one of the defendants, Mrs. Lucille Powell, on the date and at the place mentioned in the complaint.

The testimony of appellee and of Mrs. Lucille Powell and Mrs. Maggie Powell, the only witnesses to the res gestæ of the assault and battery, is in conflict as to whether or not Mrs. Maggie Powell, one of the defendants, took any part in the assault and battery while Horace Powell's connection therewith, it is shown, was dependent entirely upon his having given instructions to Mrs. Lucille Powell, his wife and to Mrs. Maggie Powell, his mother, to assault and beat the plaintiff. Upon the whole evidence the jury found in favor of the defendant, Horace Powell, and so he was thereby eliminated from all damages to plaintiff.

The testimony is also in conflict as to whether the plaintiff was assaulted and beaten upon her own premises or upon the premises of Mrs. Maggie Powell, one of the defendants.

The testimony of Mrs. Bingham, plaintiff, and of Mrs. Lucille Powell and Mrs. Maggie Powell, defendants, is also in conflict as to the cause of the assault and battery. Mrs. Bingham testified that she was assaulted and beaten in her own front yard by Mrs. Lucille Powell, and Mrs. Maggie Powell because she, Mrs. Bingham, had reported Horace Powell for selling intoxicating liquor, while Mrs. Lucille Powell and Mrs. Maggie Powell both testified that Mrs. Lucille Powell, while standing in Mrs. Maggie Powell's front yard, called Mrs. Bingham to her and then reprimanded Mrs. Bingham for interfering in the affairs of Mrs. Lucille Powell and Horace Powell, her husband, or of meddling in their affairs,

and that this was the cause of the difficulty. In this connection, however, it must be admitted that upon cross-examination Mrs. Lucille Powell testified with reference to the commencement of the assault and battery as follows; "Before I struck the first blow we were talking about my affairs and I asked her (Mrs. Bingham) if she did not report my husband and she said 'Yes, I gave him a dose,' and I said: 'I will give you a dose.' I then cut loose on her."

According to Mrs. Bingham's testimony she was assaulted and beaten by Mrs. Lucille Powell and Mrs. Maggie Powell, with such grave and serious results and under such attendant circumstances, as justified not only the award of compensatory damages by the jury in her favor, but the assessment, also, of punitive damages against her assailants by way of punishment for the wrong committed in such sum as the jury in its discretion might have seen fit to award, not to exceed the amount sued for, in the event the jury believed her testimony.

The testimony for the plaintiff, Mrs. Bingham, tended to show without substantial dispute or controversy, that immediately following the assault and battery said Mrs. Bingham, for and on account of the physical injuries received by her as the direct result of the beating which she admittedly received, was under the care and treatment of a general medical practitioner for two months or more, and was also under the care and treatment of an eye specialist for a little over six weeks. That she was badly beaten and that she suffered much pain and that she received bodily injuries of a rather serious nature, as the proximate result of said assault and battery.

Mrs. Maggie Powell, who alone takes the appeal in this case, makes 19 assignments of error. And in the brief and argument filed insists upon assignments of error numbered 3, 4, 8, 9, 11, 12, 13, 16, 17 and 19.

The rule with reference to the assignment of errors on appeal which is of force in this court, and in our Supreme Court is that assigned errors of the trial court are waived where the appellate court's attention is directed to them in appellant's brief by mere assertion that the trial court erred, without any attempt to show wherein the trial court's actions were erroneous. Barbour Plumbing, Heating & Electric Company v. Ewing, 16 Ala.App. 280, 77 So.

430, 763; Liberty National Life Ins. Co. v. Collier, 228 Ala. 4, 154 So. 119; Id. 26 Ala.App. 75, 154 So. 116; Boswell v. Land, 217 Ala. 39, 114 So. 470.

In accordance with the above rule this court is of the opinion, and so adjudges, that assignments of error 1, 2, 5, 6, 7, 10, 14, 15 and 18 have been waived by appellant and need no further consideration by this court.

■ Under assignment of error numbers 3, 4 and 12 appellant complains that the trial court erred in admitting certain statements made by one, or the other, of the three persons, alleged to have directly participated in the assault and battery, made immediately preceding said difficulty or during the occurrence thereof.

The rule applicable to said objections and exceptions is that all that was done and said by the parties, at the time and place of the difficulty, and immediately preceding it, is admissible testimony as a part of the res gestæ. Some of the cases declaring and applying the rule are: Miller-Brent Lumber Co. v. Stewart, 166 Ala. 657, 51 So. 943; Tiller v. State, 10 Ala.App. 45, 64 So. 653; Brown v. State, 21 Ala.App. 214, 107 So. 29; Nickerson v. State, 22 Ala.App. 640, 119 So. 243; Pelham v. State, 23 Ala.App. 359, 125 So. 688; Dillard v. State, 27 Ala.App. 50, 165 So. 783; Hanson v. State, 27 Ala.App. 147, 168 So. 698; Kiel v. State, 28 Ala.App. 308, 184 So. 208.

It is, on account of said rule, apparent that said assignments of error 3, 4, and 12, respectively, are without merit and that the trial court did not err as therein asserted.

■ Appellant, under assignments of error numbered 8 and 9, respectively, insists that the trial court was in error in refusing to permit defendants to propound to their witness, Mrs. Maggie Powell, the following questions:

"1. What was the beginning of the trouble between Lucille and Mrs. Bingham? What was the beginning of it? 2. Did they fight there?"

The record in this case shows that Mrs. Maggie Powell testified on direct examination that she was one of the defendants; that she was the mother of Horace Powell and the mother-in-law of Lucille Powell; that at the time of the difficulty between Mrs. Bingham and Mrs. Lucille Powell the witness lived on Greensboro Avenue, next

to Mrs. Bingham; and it was at this stage of Mrs. Maggie Powell's testimony that the above question numbered 1 was propounded to her by defendant's attorney. Plaintiff objected and the trial court sustained the objection and defendants then and there duly and legally excepted. The record as to this action of the trial court shows that the witness immediately continued her testimony and testified as follows: "The way the trouble started, Lucille and I were going to the store and as we got on my front door steps there was a lady coming across the street from over about Mrs. Burrough's. We had turned to walk down the street, and Lucille told me to wait, she wanted to speak to Mrs. Bingham, and I said where is Mrs. Bingham, and she said, I know that is her, I know her walk, and I stopped and stood just off my own door steps, and Mrs. Bingham came up and she called and said who is that, is that Lucille and she said yes, and she came on and said I want to talk to you and she came to my front door and Lucille asked her about talking about her to different ones and she would like for her to keep her mouth out of her business and one word brought on another until they got to fighting, and one time Lucille turned to me and said 'hold the glasses,' and I had on a big apron, and at the time I did not know what it was, but when I got it I could tell it was glasses. It was dark but the street light was burning, and gave enough light to tell who she was."

At this point above question numbered 2 was propounded to the witness. The plaintiff objected to said question, the trial court sustained plaintiff's objection to said question and defendants then and there duly and legally excepted.

It is shown by the record that Mrs. Maggie Powell immediately resumed her testimony and that among other things she testified: "I did not go into Mrs. Bingham's yard and wait for her to come in. The trouble happened in my front yard."

It, therefore, must be admitted, when the quoted portions of the testimony of Mrs. Maggie Powell are considered, that, conceding that the trial court was in error in refusing to allow each of said questions, 1 and 2, to be propounded to the witness, Mrs. Maggie Powell, still it is perfectly apparent that this was error without injury for the reason that defendants received the full benefit of the testimony sought to be derived from each of said questions in the

full statement of the witness, giving her version as to the beginning of the trouble which culminated in the alleged assault and battery and as to where it occurred.

■ Appellant next insists, under assignment of error number 11, that the trial court erred in allowing plaintiff to propound to defendant's witness, Mrs. Lucille Powell, the following question: "Q. I will ask you if two or three days prior to this, if the sheriff had not been to the Powell home and seized whiskey on two separate days, one succeeding the other?"

When the above question was propounded to the witness, Mrs. Lucille Powell, the defendants objected to the question upon the grounds noted. The trial court overruled the objection and the defendants duly and legally excepted. Thereupon the witness answered: "I just don't know." So it is evident that no substantial injury was suffered by the defendants from said question.

■ The trial court, at the request of plaintiff, gave the two following written charges to the jury:

"3. I charge you, Gentlemen of the Jury, that if you are reasonably satisfied from the evidence in the case that the defendants willfully assaulted and beat the plaintiff then she would be entitled to recover whatever damages you find from the evidence she has suffered and in addition thereto you could add punitive damages for such amount as you think she is entitled not exceeding the amount claimed in the complaint.

"4. I charge you, Gentlemen of the Jury, that if you are reasonably satisfied from the evidence in this case that the defendants did intentionally and willfully injure the plaintiff she would be entitled to recover not only her actual damages but punitive damages by the way of punishment."

The giving of the above charge numbered 3 is assigned as error in appellant's assignment of error numbered 16 and the giving of the above charge numbered 4 is assigned as error in appellant's said assignment of error numbered 17.

These two assignments of error relate to the same subject matter: the giving of a written charge relating to the recovery of punitive damages and may, therefore, be considered by this court together, and this we do to conserve time and labor, as well as to avoid repetition.

It appears from the complaint filed in the court below that plaintiff's cause of action is an alleged trespass, a willful and intentional or wanton injury to plaintiff's person, an assault and battery, as described in the complaint. There can be no doubt that under count 1 of the complaint, if no other, punitive damages were recoverable, if the jury should find the allegations of said count sustained by the evidence. Avondale Mills v. Bryant, 10 Ala.App. 507, 512, 63 So. 932; South Brilliant Coal Co. v. Williams, 206 Ala. 637, 91 So. 589; Kress et al. v. Lawrence, 158 Ala. 652, 47 So. 574; Miller-Brent Lumber Co. v. Stewart, 166 Ala. 657, 51 So. 943.

■ Punitive damages being apart from compensation are not recoverable as a matter of right as that right attaches to actual damages suffered. The imposition of punitive damages is discretionary with the jury, where the trial is before a jury. The discretion to be exercised is not an arbitrary or unbridled one, but a legal, sound and reasonable discretion, and should be honestly and fairly exercised, and if such damages are imposed then they should be in such amount, great or small, as under all the circumstances shown to attend the commission of the wrong, will, in the discretion of the jury, be adequate punishment to the party or parties committing the injury, not to exceed the amount claimed in the complaint. Avondale Mills v. Bryant, 10 Ala.App. 507, 512, 63 So. 932; Greenwood Cafe v. Walsh, 15 Ala.App. 519, 74 So. 82; Empire Clothing Co. v. Hammons, 17 Ala.App. 60, 81 So. 838; Louisville & Nashville R. R. Co. v. Street, 164 Ala. 155, 51 So. 306, 20 Ann. Cas. 877; Coleman v. Pepper, 159 Ala. 310, 49 So. 310; Louisville & Nashville R. R. Co. v. Bizzell, 131 Ala. 429, 30 So. 777.

The complaint in this case avers that as the proximate result of the alleged willful and intentional assault and battery, plaintiff's face, head and nose was bruised and lacerated, her glasses were broken and one of plaintiff's eyes was injured, and that because of said described injuries she suffered great pain and mental anguish, and was caused to spend large sums of money for medical bills and medicine, etc.

There was some evidence tending to establish these allegations.

■ Under the pleadings and proof in this case it is necessary to consider the law governing the award of actual or

compensatory damages to plaintiff. The rule is that the amount of damages for bodily injuries of a permanent sort, for physical pain and mental anguish suffered, all, or any of which, are not subject to measurement by any legal standard, must, in the assessment thereof, be left to the discretion of the jury, and that discretion will not be interfered with, unless the amount assessed is so excessive as to show passion, partiality, corruption or some other such improper and controlling sentiment. Luquire Funeral Homes Ins. Co. v. Turner, 235 Ala. 305, 178 So. 536.

■ Under the pleadings and proof in the court below it was for the jury to find by their verdict who, of the three named defendants, assaulted and beat the plaintiff. The jury decided that issue and by their verdict said that the plaintiff was assaulted and beaten by Mrs. Lucille Powell and Mrs. Maggie Powell. Under the evidence in this case the question is, did plaintiff suffer a willful and intentional or wanton injury as the proximate result of a severe and unjustified assault and battery at the hands of her assailants? As to this, the trial court in the general oral charge to the jury said: "If you reach the conclusion that she (plaintiff) is entitled to recover, under the evidence, it would be your duty, in your discretion to fix such a sum as would compensate her for the injuries which she claims, and she is entitled to recover, in case of willful injury, such as assault and battery, in addition to actual damages she would be entitled to recover. You can add an additional sum for any willful or wanton injury that may have been inflicted by the defendants or either of them."

The foregoing excerpt from the general oral charge to the jury by the trial court shows that said jury was instructed that if they found for the plaintiff then they would fix her actual damages at such sum as the jury, in their discretion, should deem right and proper, to which they might add, in the event they also found that the injury was willfully and wantonly inflicted upon plaintiff, such additional sum as they in their discretion should ascertain to be fit and proper.

In the case of Empire Clothing Co. v. Hammons, 17 Ala.App. 60, 81 So. 838, 839, the following special written charge was given at the request of the plaintiff in that case: "(13) The court charges the jury that in civil action for damages for assault and battery, if the jury believe from all the evidence that the defendant unlawfully, wantonly, and intentionally assaulted the plaintiff with a pistol, they may, in addition to actual damages, assess exemplary or punitive damages as a punishment to the defendant if the assault was attended with circumstances of aggravation."

The giving of said charge was assigned as error and this court upon a consideration thereof held that said charge asserted a correct proposition of law, and that if said charge was deemed to be abstract in any way, then it was subject to an explanatory charge, at the request of the defendant, and that the trial court did not err in giving said charge.

In the case of Coleman v. Pepper, 159 Ala. 310, 49 So. 310, cited by appellant, the following charge was considered by our Supreme Court, viz.: "I charge you, gentlemen of the jury, if you find that the defendant did trespass on the lands of the plaintiff, and if you further find that he did it in a wanton and willful manner, then you are not confined to the assessment of the actual damages sustained, but you may go further and assess punitive damages, not exceeding $1,200."

The argument made against the giving of said charge in the Supreme Court was that said charge was erroneous as giving the jury a discretionary power in the assessment of damages, without stint, or limit, and without any rule of guidance whatever.

In answer to this argument our Supreme Court clearly explained that the discretion to be exercised by the jury in the assessment of punitive damages was not unbridled, or arbitrary, but that it was a legal, sound and honest discretion, and that, in submitting to the jury the question of imposing punitive damages, the trial court should always safeguard the submission with such instructions as that the jury will not be misguided, but will be held mindful, in fixing such damages, that they would act with due regard to the enormity or not of the wrong, and to the necessity of preventing similar wrongs, etc., and then the Supreme Court declared that said charge possessed misleading tendencies, and that it might have been refused, because said charge left the jury with no rule whatever for the guidance of their discretion in the assessment of punitive damages, but the Supreme Court declared that, "we do not decide that the trial court committed reversible error in giving it."

The above and foregoing opinion is decisive, in the judgment of this court, that the trial court did not commit reversible error in giving either of said written charges Nos. 3 and 4, respectively.

The defendants, Mrs. Lucille Powell and Mrs. Maggie Powell, filed a motion for a new trial in the court below, following the entry of the judgment against them in favor of the plaintiff. This motion was overruled and denied by the trial court and this action of the trial court is assigned as error in appellant's assignment of error No. 19. The grounds of this motion are that the verdict of the jury was contrary to the law in this case; that it was contrary to the evidence in this case; that it was contrary to the law and the evidence in this case; that it was contrary to the great weight and preponderance of the evidence as to the defendant, Mrs. Maggie Powell; that the court erred in permitting the plaintiff to testify as to the conversation between herself and Mrs. Lucille Powell and Mrs. Maggie Powell, defendants; that Horace Powell, the husband of Lucille Powell, told these two defendants that he could not do anything to said plaintiff for what she had done, but for them to beat hell out of her; that the trial court erred in refusing to give the general affirmative charge for Horace Powell; that the trial court erred in refusing to give the general affirmative charge for the defendant, Mrs. Maggie Powell; that the trial court erred in overruling defendants demurrers to the complaint, as amended; that the trial court erred in permitting the plaintiff to give in evidence, in rebuttal, the same evidence which was given by her when she testified in chief.

This court has given the motion for a new trial careful consideration. All of the questions raised by said motion have hereinabove been adjudged adversely to the appellant, and for this reason it is the opinion and judgment of this court that the trial court did not err in overruling or denying said motion for a new trial.

Many matters are suggested in the brief and argument of counsel for appellant as to why said motion for a new trial should have been granted by the trial court, for which we do not find any support in the testimony which was introduced upon the trial of said case. The evidence does not show anything about the age and physique of Mrs. Lucille Powell, nor does it show anything with reference to the financial condition of any of the defendants.

The question to the effect that the judgment rendered is excessive is not presented in the manner necessary to authorize this court in so holding, even if we were so inclined. No such question was presented in any manner to the lower court, and while a motion for a new trial was made, based upon several separate and distinct grounds, the contention that the judgment, based upon the ground that the verdict of the jury, was excessive was not one of them. In argument of appellant's counsel cursory mention of the excessiveness of the judgment appears; but at no time was the matter brought to the attention of the trial court, hence no ruling thereon was invoked; in the absence of which this court is without authority to so hold, for it is not our province to consider the excessiveness of the verdict, unless such question was made ground on motion for a new trial. This court, on appeal, cannot reduce an excessive judgment in the absence of a motion to such effect in the lower court. Central of Georgia Ry. Co. v. Chambers, 197 Ala. 93, 72 So. 351; Central of Georgia Ry. Co. v. Chicago Varnish Co., 169 Ala. 287, 53 So. 832; Davis v. Smitherman, 209 Ala. 244, 96 So. 208; Coca-Cola Bottling Co. v. Barksdale, 17 Ala.App. 606, 88 So. 36.

We have considered and discussed every question presented on this appeal, and find no error of reversible nature in any of the rulings of the court complained of. It follows, therefore, that the judgment of the lower court must be affirmed.

Affirmed.