WRIGHT, Presiding Judge.
Plaintiff appeals from a jury verdict for defendant insurance company in a suit seeking recovery under the theft coverage provisions of an automobile insurance policy-
The evidence introduced at trial by the plaintiff is undisputed. Plaintiff testified that he was the owner of a 1972 Volkswagen automobile which was insured by defendant against theft. In January 1978 he loaned this automobile to his daughter who was living at that time in Florala, Alabama. Plaintiff further testified that on February 28, 1978, he drove to Florala and discovered that the automobile was no longer in his daughter’s possession. James Walker, a sergeant in the Dothan Police Department, testified that since May 1978 the automobile had been in the possession of one Haston Jenkins of Dothan, Alabama. Plaintiff was then recalled as a witness and attempted to testify that Mr. Jenkins’ possession of the automobile was without his consent. The trial court sustained defendant’s objections to this testimony and the case was submitted to the jury. The jury returned a verdict in favor of the defendant. The court subsequently denied plaintiff’s motion for new trial and plaintiff appeals.
Plaintiff contends that the trial court committed reversible error in refusing to allow plaintiff to testify that he had not consented to Mr. Jenkins’ possession of the automobile. We do not agree with this contention and affirm the judgment below.
*601 Plaintiff’s testimony established that he had loaned the automobile to his daughter and that she was in possession of it when it was alleged to have been stolen. She did not appear as a witness nor was any attempt made to explain how the automobile came to be openly in ■ possession of Jenkins. No charge of theft was shown to have been made against him. To show merely that plaintiff had not consented to Jenkins’ possession could not show theft of the vehicle from the daughter. It. is the consent or non-consent of the daughter that would be relevant in this case. If Mr. Jenkins took possession of the automobile with the consent of plaintiff’s daughter, no theft has occurred regardless of plaintiff’s non-consent to his possession. Nickerson v. State, 22 Ala.App. 640, 119 So. 243 (1928). Under the admitted state of the evidence we cannot say that it was error for the trial court to refuse to allow plaintiff to testify that he had not consented to Mr. Jenkins’ possession of the automobile. The judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.